ALBERT M. CARTER *vs.* EDWARD SHIBLES.

Waldo. Opinion January 5, 1883.

*Evidence. Estoppel. Res judicata.*

Oral evidence, which does not contradict or vary the record, is admissible to prove that a particular fact, which might legally be in issue under the

pleadings, was submitted to the judgment of referees, by whom a case is heard, and determined by their award.

An action on an account annexed, for potatoes sold and delivered, was submitted to referees. At the hearing the defendant . claimed as a payment a sum due him for corn sold and delivered the plaintiff, and this claim was resisted by the plaintiff, not on the ground that the amount due for the corn could not be allowed in payment for the potatoes, but on the ground that there was nothing due for the corn, and the referees awarded the amount claimed for the potatoes without deducting anything for the defendant's claim for corn;

*Held*, in an action subsequently brought by the former defendant to recover for the corn so sold and delivered, that the action was barred by the award of the referees, and that oral evidence was admissible to show that the claim for the corn was thus made and resisted at the hearing before the referees.

ON EXCEPTIONS.

Assumpsit to recover three hundred seventy-two dollars and seventy-two cents, for a car load of corn. The writ was dated March 30, 1881. The plea was general issue, with brief statement setting out that the claim sued had been heard and determined by referees.

The facts appear in the opinion.

*Thompson and Dunton*, for the plaintiff.

The court erred in admitting oral testimony as to what was submitted to and considered by the referees. If the grounds of a judgment appear by the record, they must be proved by the record alone. *Sturtevant* v. *Randall*, 53 Maine, 149; *Lander* v. *Arno*, 65 Maine, 26.

Parol evidence cannot be received to vary or explain a written submission or award. *McNear* v. *Bailey*, 18 Maine, 251; *Jones* v. *Perkins*, 54 Maine, 393; *Gay* v. *Welles*, 7 Pick. 217; *Furber* v. *Chamberlain*, 29 N. H. 405; *Buck* v. *Spofford*, 35 Maine, 526; *Wyman* v. *Hammond*, 55 Maine, 534; 2 Greenl. Ev. § 74; *York and Cumberland R. R. Co.* v. *Myers*, 41 Maine, 109; Tidd's Practice, 822; *Lyle* v. *Rodgers*, 5 Wheat. 394; *DeGroot* v. *U. S.* 5 Wall. 419; *Carnochan* v. *Christie*, 11 Wheat, 447; *Boynton* v. *Frye*, 33 Maine, 216; *Sawyer* v. *Freeman*, 35 Maine, 542.

The car load of corn in this suit was not filed in set-off, or submitted to the referees under the rule of reference in the former suit, as appears by the record. And if the car load of corn and damages were submitted to the referees by parol agreement of counsel in the former suit, the testimony does not show a valid and binding submission by the parties. To make an award upon a parol submission binding, it must be proved that the parties mutually and concurrently agreed to abide by it. *Houghton* v. *Houghton*, 37 Maine, 72; *Patterson* v. *Triumph Ins. Co.* 64 Maine, 500; 2 Greenl. Ev. § 72; *Stoddard* v. *Gage*, 41 Maine, 287.

*Philo Hersey*, for the defendant, cited: Whart. Ev. § 988; *Walker* v. *Chase*, 53 Maine, 260.

Symonds, J. In this action of assumpsit, to recover the price of a car load of corn, the defence was that the judgment in a previous suit by the defendant against the plaintiff to recover an amount due on an account for potatoes sold and delivered to the latter, in which case the price of the corn had been claimed as a credit, was an adjudication against the plaintiff's present claim. In this former action the writ contained no credit for the corn, and the case having been referred, the award of the referees gave to the present defendant, (then plaintiff,) the whole amount claimed. The record, therefore, showed no allowance of the price of the corn as a credit on the account for potatoes.

Still, at the trial of this case, the defendant undertook to prove by oral evidence that before the referees the present plaintiff claimed such credit; and that this was resisted, not on the ground that the sale of the corn was an independent transaction and the price of it not to be applied, therefore, in payment of the claim then in suit, but on the ground that the car of corn was delivered under a contract, by which Carter was bound to receive in payment therefor another quantity of potatoes, besides those included in the writ, and that by breach of that contract, on the part of Carter, Shibles sustained pecuniary damage, equalling or exceeding the price of the corn; so that in fact, under the contract for the delivery of corn by the one party and of potatoes

by the other, nothing was due to Carter for the corn, and there- fore no credit was to be given therefor. The defendant claimed the right to show that both parties submitted the matter to the referees in this way, to determine what the contract was, whether under it anything was due to the plaintiff for the corn; and if so, to allow the amount due as a credit upon the account then under consideration.

The exceptions to the admission of oral evidence in support of this claim of the defendant cannot be sustained.

Only the pending action on an account annexed for potatoes sold and delivered by Shibles to Carter was within the jurisdic- tion of the referees, but when a payment on that account was claimed, and when this alleged payment was resisted on the ground, not that an amount due the then defendant, on account of a certain business transaction, was not to be applied in pay- ment of the plaintiff's claim then in suit, but that in that transaction nothing was due to the defendant, and therefore there was no payment to be allowed; and when the two parties agreed in submitting this question to the referees, it was for the referees to determine whether the payment was proved or not; that is to say, whether there was anything due upon the contract, the application of which in payment, if due, was conceded. If they decided that the payment claimed by Carter was for a sum arising out of a contract on which, when considered as a whole, nothing was due to him, such decision was within the scope of their authority and the refusal by the referees, under such circumstances and upon that ground, to allow the payment claimed was an adjudication barring the plaintiff's right to recover for the car load of corn.

The oral evidence did not contradict or vary the record. It only tended to prove that a particular fact which might legally be in issue under the pleadings was submitted to the judgment of the referees and determined by the award. The authorities cited by counsel sustain its admissibility.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.