96   455
97   499
96   455
120  526

[No. 13297.   In Bank.— November 22, 1892.]

# J. A. McCROSKEY, APPELLANT, v. E. LADD ET AL., RESPONDENTS.

ACTION UPON NOTE — DEFENSE — EQUITIES BETWEEN ORIGINAL PARTIES — VENDOR AND PURCHASER — FAILURE OF CONSIDERATION. — In an action upon a promissory note between the original parties thereto, the note is subject to inquiry as to its consideration, and as to any equities existing between the parties which arose out of the execution of the note or are connected therewith; and it is a good defense to the note that it was given for the purchase-money of land, for which the plaintiff has failed to make a title in pursuance of his agreement.

ID. — CONTRACT OF SALE — NOTE IN LIEU OF CASH PAYMENT — WRITINGS TO BE CONSTRUED TOGETHER. — A promissory note given by intending purchasers of land for the amount of the first installment of the purchase-money, and executed and accepted in lieu of a cash payment provided for in the written contract of sale, and at the same time with the execution of the agreement, is to be interpreted and regarded as a part of

the agreement. All of the writings executed at that time become a part of the transaction, and are to be considered together as parts of one agreement.

Id. — Collection of Installment of Purchase-money — Action after Last Installment is Due — Merger — Dependent Obligation — Tender of Conveyance. — Where, by the terms of a contract for the sale and conveyance of land, the purchase price is made payable in installments, and a conveyance is to be made upon payment of the last installment, the obligations as to prior installments will be regarded as independent, and the vendor may sue for a prior installment before the time has arrived for payment of the last installment without the execution or tender of a conveyance; but if a recovery of a prior installment is not sought until the time for the payment or collection of the last installment has accrued, the right of action for the several installments is merged in the entire obligation, and the whole of the obligations of the parties to the agreement become dependent and concurrent, and the vendor cannot recover any part of the purchase-money unless he makes or tenders a conveyance of the premises.

Id. — Waiver of Note as Independent Obligation. — Where a note is given in lieu of an independent installment of purchase-money, the vendor, by deferring action thereon until after the time when the entire purchase-money has matured, waives the right to treat the note as an independent obligation, and cannot recover in the action if it is neither alleged nor found that he made any tender of a conveyance before suit.

Id. — Presumption upon Appeal — Tender of Deed to One of Several Purchasers. — Where the record shows a tender of a conveyance to one of several purchasers not a party to the suit, but does not show to whom the deed conveyed the land, it will be presumed, in support of the judgment rendered in favor of the purchasers sued upon a note for purchase-money, that it was a conveyance in favor of the purchaser alone to whom the conveyance was tendered, and did not purport to convey the land to the defendants.

Appeal from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion of the court.

*John L. Hudner, M. T. Dooling,* and *H. W. Scott,* for Appellant.

*N. C. Briggs,* for Respondents.

Harrison, J. — The plaintiff made an agreement in writing with the defendants and two others on the 25th of August, 1887, to sell and convey to them certain real estate in Hollister for the sum of $6,500, of which $650 was to be paid at that date, and the balance within sixty

days thereafter. The agreement also contained the following clause: "And said McCroskey, upon receiving said payments, agrees to make a deed of said property to said persons, and convey title to said premises to them, and if said persons fail to make said payments as herein named, they shall forfeit all right to said property and all right to all payments made herein. If said title is not sufficient and good, then said money paid shall be refunded." Instead of paying the $650 in money upon that day, the defendants, for themselves and their associates, executed to the plaintiff their promissory note for $650, payable one day after date. After the execution of the agreement, the parties thereto had some negotiations regarding the examination of the title to the property, which resulted in. the vendees being dissatisfied therewith, and a demand by the defendants that the plaintiff surrender to them their note. This the plaintiff refused, but tendered a deed of the property to Mc-Clay (one of the vendees), and demanded payment of him of the full amount of the purchase-money, viz., $650, but McClay refused either to accept the deed or pay the money. In November, 1888, the plaintiff brought this action against the defendants to recover from them the amount of the promissory note. The complaint is in the ordinary form of a complaint upon a promissory note. The defendants, in their answer, set up the transaction of which the note was a part, and pleaded a failure of consideration. The court rendered judgment in favor of the defendants, and the plaintiff has appealed therefrom, bringing the case here upon the judgment roll alone.

The action upon the note, being between the original parties thereto, is subject to an inquiry into its consideration, and is also subject to any equities existing between the parties which arise out of the execution of the note, or are connected therewith. The note was given for a portion of the purchase price of a tract of land to be thereafter conveyed by the plaintiff under his agreement with the defendants and their associates; was exe-

cuted in pursuance of said agreement at the same time
with the execution of the agreement; was a part of the
same transaction, and is to be interpreted and regarded
as a part of the agreement made between the parties at
that date. The finding of the court, that it was executed
"in pursuance of said agreement, in the place and stead
of the payment of $650," provided for in the written in-
strument, must be construed as a cotemporaneous agree-
ment between the parties to substitute the note for the
provision in the instrument that the sum of money
should be paid at the date of its execution. The execu-
tion of a promissory note for the payment of a portion
of the purchase-money did not render the relative obliga-
tions of the parties to the agreement of sale any different
from what they would have been had this obligation
been incorporated into the written agreement itself.
The obligation of the purchaser under such an agree-
ment is the same, whether the purchase-money is made
payable in installments by the terms of the agreement
itself, or whether it is evidenced by a counter-obligation
on his part, or by promissory notes executed by him as
a part of the same transaction. All of the writings that
are executed at that time become a part of the transac-
tion, and are to be considered together as parts of one
agreement. ( *Culver* v. *Burgher*, 21 Barb. 324; *Divine* v.
*Divine*, 58 Barb. 264; *Glassell* v. *Coleman*, 94 Cal. 267.)

The respective obligations of the parties to an agree-
ment for the conveyance of land, when the purchase-
money is made payable in installments, are to be con-
strued as independent obligations, or as dependent and
concurrent, according to the terms in which the agree-
ment is expressed. If an installment is made payable
prior to the date at which the conveyance is to be made,
the obligation to pay the installment and to make the
conveyance will be regarded as independent obligations,
and the seller can maintain an action for the recovery of
the installment without the execution or tender of a con-
veyance; whereas, if the payment of the installment is

to be made upon the execution of the conveyance, no recovery thereof can be had, except upon the averment and proof of such execution, or of a tender thereof. If the agreement is silent upon this point, the obligations will be regarded as mutual and dependent, so that neither party can have a right of action against the other without a previous performance or offer to perform on his part; and if the time for the performance of the conditions on both sides has expired, it is incumbent on either party, before he can enforce a performance by the other, to do or offer to do all that by the agreement he is required to do. If a recovery of the installment is not sought until after the time for the payment of the last installment, the plaintiff must aver and prove the same facts as would be required in an action to recover the last installment. (*Johnson* v. *Wygant*, 11 Wend. 48.) If he defers the collection of the several installments until the time for the collection of them all has accrued, he has no right of action upon any of the prior installments separate from that upon them all. His cause of action is not upon the agreement to pay the installments, but for the consideration upon which he agreed to convey the land, and is an entire and single demand. He has no right of action upon a part thereof distinct from that upon the whole, and in any action brought by him for a part or for the whole of the purchase-money after all of the payments have become due, he must aver and prove that before he commenced the action he had complied with the agreement on his part, or had offered so to comply, by making or tendering a conveyance of the premises. The obligations to make these payments, which were originally independent, have, by his waiver of the right to enforce them, become dependent and concurrent with his own obligation to convey, and can be enforced only upon his showing that he is not in default. As in the case of any other obligation which is entire, but by its terms is to be performed at stated intervals prior to the time for its complete performance, whether

it be for the payment of money, or for the delivery of merchandise, if the holder of such obligation delays its enforcement until after the time for its complete perform- ance, his right of action for the several installments will have become merged in the entire obligation, and can be enforced only in a single action upon that obligation. These are elementary principles in the construction of con- tracts, and their application to cases involving facts like those under consideration is fully sustained by *Beecher* v. *Conradt,* 13 N. Y. 108; 64 Am. Dec. 535; *Eddy* v. *Davis,* 116 N. Y. 247; *Hoag* v. *Parr,* 13 Hun, 95; *Smith* v. *McClus- key,* 45 Barb. 610; *Williams* v. *Healey,* 3 Denio, 366; *Thomson* v. *Smith,* 63 N. Y. 304.

In *Beecher* v. *Conradt,* 13 N. Y. 108, 64 Am. Dec. 535, the agreement of sale provided for the payment of the purchase-money in five annual installments, and after the maturity of the last installment the plaintiff brought an action to recover the entire purchase price, without having made a tender of a conveyance before the com- mencement of his action, and in holding that the action could not be maintained, the court said: " The plaintiff, having elected to wait until the fifth and last installment became due, and upon the payment of which, as this case stands, the defendant would be entitled to a deed, cannot now sustain his action for either installment without proof of performance or readiness to perform on his part.   The covenants as to the four first installments were originally independent, but the plaintiff, by his omission to insist upon a strict performance by the defendant, has lost the right to bring more than one suit for the money, which formed the consideration for his conveyance. . . . . The parties, by lapse of time, are in the same situation as though the purchase-money was all payable at one time. The defendant has lost his right to pay the installments separately, and the plaintiff his right to enforce collec- tion by separate suits.   There is but a single cause of action, one and indivisible.   The defendant, if he would obtain his deed, must pay all, and the plaintiff, if he

would recover, must show such a performance on his part as would entitle him to all the unpaid consideration. The condition attaches to the whole debt, and every part of it."

In the present case the plaintiff could have brought his action on the note at its maturity, and the obligation of the defendants would then have been construed as an independent agreement, and their liability determined solely by the terms of the note. But by deferring his action until after the time when the entire purchase-money had matured, he has waived the right to treat this note as an independent obligation. That has become merged in the obligation to pay the whole of the consideration, and must be construed with reference to the terms of that obligation. In any action against the purchasers for the whole purchase-money, they are entitled, as the consideration thereof, to a conveyance of the premises, and they cannot be compelled to pay a portion of the consideration for which they are to receive the conveyance, except upon receiving the entire consideration for their obligation. As a recovery by the plaintiff in this action would be a bar to any other action by him for the remainder of the purchase-money, the defendants have the same right to a conveyance of the premises that they would have if the action was for the whole purchase price.

It is neither alleged in the complaint nor found by the court that the plaintiff made any tender of a conveyance to the defendants, or either of them, and as the judgment was in favor of the defendants, it was incumbent upon the appellant to cause it to appear by the record that at the time of commencing his action he had so complied with all the terms of his agreement as to place the defendants in default. The court does not find to whom the deed which the plaintiff tendered to McClay purported to convey the land, and as the judgment must be presumed to be correct, we must assume that it was a conveyance in favor of McClay alone, and

did not purport to convey the land to the defendants herein.

The judgment is affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.