[No. 916.   Decided November 21, 1893.]

JONATHAN PLATT UNDERWOOD, *Appellant,* v. THOMAS S.
TEW, *Respondent.*

VENDOR AND PURCHASER — ACTION FOR PURCHASE PRICE — TEN-
DER — PLEADING.

The vendor of land under a contract to make a conveyance
thereof upon the full payment of the principal and interest of four
notes maturing in one, two, three and four years from date, re-
spectively, who waits until the maturity of all the notes, cannot
enforce the collection of any or all of them without tendering a
deed to the land.

Although the evidence in such a case may show that a tender
would have been a vain and useless thing, yet where plaintiff has
pleaded no excuse for tender, he cannot urge the uselessness of
complying with the obligation on his part.

*Appeal from Superior Court, Chehalis County.*

*Lichtenberg, Shepard, Lyon & Denny,* for appellant.
*N. W. Bush, J. O. Selden,* and *D. Allen,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The plaintiff, appellant here, brought this
action to recover the aggregate amount of three promissory
notes executed by the defendant to plaintiff on May 31,
1883, at Big Rapids, Michigan, for $2,000, $2,250 and
$2,250, respectively, with interest at seven per cent. per
annum, and due two, three and four years, respectively,
after date. The complaint is in the usual form in like
actions, and judgment is therein demanded for $6,500, and
interest at the rate above mentioned. The defendant, in
his answer, admitted the making of the notes, but denied
every other allegation of the complaint. As a further
answer and defense the defendant alleged in substance,
among other things, that he received no consideration for
the notes set out in the complaint. That at the time of

making the notes, and as part of the same contract, the plaintiff and defendant entered into a written agreement of the same date, a copy of which was set forth in the answer, as a part thereof, and that no other or further consideration for the execution of the notes described in the complaint than that mentioned in the said contract passed from plaintiff to defendant, and that the plaintiff never executed, or offered to execute, any deed of the lands described in the agreement to the defendant, and never in any manner conveyed, or offered to convey, said lands to the defendant. The reply admitted the making of the agreement set out in the answer, and that the notes sued upon were given as part of the purchase price of the land, and that the defendant at the time of the making of the contract paid plaintiff $297.50, being interest in advance as required by said agreement, but denied that he had ever paid any further sum, and also admitted that the notes and agreement were made, and the lands were situated, in Michigan, as alleged in the complaint, but denied all of the other allegations of the answer.

The action was begun on May 30, 1891, and the trial was had on December 5, 1892, before the court and a jury, resulting in a verdict in favor of the defendant by direction of the court. The proof showed that the plaintiff had never tendered a deed to the defendant, or offered to perform his part of the contract by conveying or offering to convey the land, before commencing this action or at any time. Testimony was offered by the plaintiff for the purpose of showing that the plaintiff was and always had been ready, able and willing to perform the contract on his part, which testimony the court excluded, and, we think, properly, on the ground that it tended to prove no allegation of the complaint. It is shown by the contract set out in the answer, that the plaintiff agreed to sell to the defendant certain lands therein described for the sum of $8,500, with

interest at seven per cent. per annum payable annually on all sums remaining unpaid, payable as follows: $297.50 on the signing of the instrument, to be taken as one-half of the interest on the whole purchase price for the first year, paid in advance; $2,000 in one year; $2,000 in two years; $2,250 in three years, and $2,250 in four years from date; the defendant to keep the buildings insured and pay the taxes on the land during said time. The defendant agreed to purchase the land on said terms, paid the $297.50 to plaintiff, and gave his notes for the balance, payable as above specified. It was, in effect, stipulated in the agreement that, upon the payment by the defendant of these several sums of money, with interest, taxes and insurance premiums punctually and at the times therein limited, the plaintiff would cause to be made a good and sufficient deed conveying to the defendant all his right, title, interest and demand whatsoever in and to said lands.

It appears that the plaintiff was not personally present at the trial, but his deposition was produced, and such portions thereof as the court deemed material and relevant were admitted in evidence in his behalf. Speaking of the consideration of the notes in suit, the plaintiff therein said:

"The total consideration moving from me to defendant was the land; the total consideration moving from the defendant to me was the cash payment of $297.50, and the giving of four notes aggregating $8,500, which are the same four notes produced by me, and the execution of the contract with them. I performed the transaction on my part by delivering possession of the land to defendant at that time."

The note for $2,000 due one year after date, though never paid, it will be observed, is not included in this action, for the reason, as we understand counsel, that it was deemed outlawed at the time of bringing the action.

After all of the testimony on both sides had been introduced, the plaintiff's counsel moved the court to direct a

verdict for plaintiff for the amount of the three notes and interest, which motion the court denied. The plaintiff also moved for judgment notwithstanding the verdict for defendant, but the motion was denied. While the ruling of the court upon these motions is assigned as error, the argument of counsel for appellant is mainly directed to the objection that the court erred in directing a verdict for the defendant at the request of his counsel. In fact, this latter objection may be said to present the controlling question in the case, for, if it is not tenable, and the court's ruling was right, then all other objections made by appellant must be deemed immaterial. The court based its action, in directing a verdict for the defendant, on the undisputed ground that the plaintiff had not tendered a deed of the lands described in the contract set forth in the answer, or performed, or offered to perform, his part of the agreement before bringing his action. And we have no doubt of the correctness of the court's decision. The making of the notes and the contract, at the same time, constituted but one transaction. And the notes which were given for the purchase price of the land which the plaintiff agreed to convey to the defendant were but parts of the agreement then entered into between the parties. *Divine v. Divine,* 58 Barb. 264; *Glassell v. Coleman,* 94 Cal. 260 (29 Pac. Rep. 508).

The obligation to pay the notes which fell due prior to the time when the conveyance was to be made under the contract, was independent of the obligation on the part of plaintiff to convey, and payment of each of said notes might have been enforced by action as they became due and payable, had the plaintiff seen fit to do so.

But by deferring the collection of the several notes until after the time for the payment of the one last due had accrued, he lost the right to sue upon the several obligations, and could maintain an action only for the whole consider-

ation for which he agreed to convey the land. By lapse of time the obligation to make the deed and the obligation to pay the purchase price of the land have become dependent and mutual. The defendant has no longer a right to pay the notes separately, and the plaintiff has no right to enforce such separate payment.

There is now but a single cause of action existing in favor of either party. The defendant, in order to obtain his deed, must first pay the entire purchase price, and the plaintiff, in order to recover, must show such a performance of the agreement on his part as would entitle him to the whole of the unpaid consideration. In this case, the plaintiff undertook to collect the purchase price of the premises he covenanted to convey without averring or proving that he had first performed his own obligation by making and tendering a conveyance. This the court would not permit him to do, and its ruling was in accordance both with reason and the well settled principles of law. *McCroskey v. Ladd*, 96 Cal. 455 (31 Pac. Rep. 558); *Beecher v. Conradt*, 13 N. Y. 108; *Eddy v. Davis*, 116 N. Y. 247 (22 N. E. Rep. 362); *Bohall v. Diller*, 41 Cal. 532.

Nor do the learned counsel for appellant question the general rule of law which we have stated, but they insist that the facts in evidence show that the case at bar falls within a recognized exception, that a vendor in such cases is excused from making a tender where it would be a vain and useless act. But a sufficient answer to this contention is, that the plaintiff alleged no fact in his complaint showing either an inability on his part to make a tender, or that a tender if made would have been a vain or useless act. The plaintiff brought an action at law simply to recover the amount evidenced by defendant's notes, completely ignoring his own obligations under his contract, and he must now abide the consequences. Other questions are

presented in the record which it is not necessary to discuss, as, in our view of the law, he could in no event recover upon the state of facts presented by the record.

The judgment of the lower court is affirmed.

DUNBAR, C. J., and SCOTT, HOYT and STILES, JJ., concur.