Argued 30 January; decided 27 March, 1899.

## SAYRE v. MOHNEY.

[56 Pac. 526.]

1. CONTRACT TO SELL LAND—DEPENDENT COVENANTS—TENDER OF DEED.*— Where a vendor agrees to convey real property upon the payment of a note— no possession of the land having been given—the tender of a deed and the payment are mutually dependent covenants, and full compliance with the contract by the vendor is necessary before the note can be enforced.

2. VENDOR AND PURCHASER—INDEPENDENT COVENANTS—TENDER OF DEED.*— In the case of a contract to convey land on payment of a sum of money, the tender of a deed is not a condition precedent to an action for the money, where the vendee has entered into possession. Under such circumstances the occupation of the land is a consideration for the promise to pay.

3. AIDER OF DEFECTIVE COMPLAINT BY VERDICT.—In an action on a note given for the price of land, where defendants alleged in their answer failure to tender a deed conveying good title, which averment the reply denied, any failure in the complaint to allege performance of a condition precedent was cured by the verdict, when the transcript shows evidence introduced at the trial tending to prove performance of such condition.

4. ADMISSIONS IN PLEADINGS AS EVIDENCE.—The admissions and statements in a pleading are admissible as evidence against the party who filed the pleading though it may have been withdrawn or amended.

5. EVIDENCE—RESCISSION FOR FAILURE OF TITLE.—A bond for a deed provided for a conveyance of a perpetual right of way to the obligees, but, if a third party should close up a portion of the right of way belonging to him, then the obligor would give a private right of way. Held that, as the bond provided for a contingency which might affect the right of way, unless the obligees were injured by such third party obstructing the way, they had no just cause for rescinding the contract of purchase, and evidence that they were not thereby injured was therefore admissible: McCourt v. Johns, 33 Or. 561, cited and applied.

6. PAROL AGREEMENT—STATUTE OF FRAUDS.—Where a contract for the sale of land is silent as to the place of payment, parol evidence of a subsequent contract providing for a payment at a certain place does not affect any interest in land, and is not affected by the statute of frauds.

From Marion :   GEO. H. BURNETT, Judge.

Action by Ruth E. Sayre, executrix, against W. D. Mohney and others.   This is the second appeal in this case, the facts of which are stated in the former opinion : *Sayre* v. *Mohney*, 30 Or. 238 (47 Pac. 197).   The cause

---

*NOTE.—On the subject of the duty of the vendor to tender a deed before suing for the purchase price, see *Naftzger* v. *Gregg*, 37 Am. St. Rep. at p. 29, and *Donovan* v. *Judson*, 6 L. R. A. at p. 591.—REPORTER.

being remanded, the defendants, by leave of court, filed an amended answer, omitting therefrom the averment in the original to the effect that plaintiff agreed to convey to them as partners the real property described in the bond for a deed. Thereupon plaintiff filed a reply, denying the allegations of new matter contained in the amended answer, and averring that, after the execution of the bond, she entered into an agreement with the defendants, who, in consideration of being let into possession of the premises, agreed that the deed therefor, to be executed by her, and the release of the mortgage thereon, to be executed by the Board of School Land Commissioners, should be delivered at the office of the State Treasurer simultaneously with the payment to said officer of the sum of $900 of the purchase price, upon the maturity of the note therefor, which was to be accepted by the mortgagee in full satisfaction of the lien upon the land intended to be conveyed ; that defendants, having assented to this mode and place of payment, took immediate possession of said land, which they have since continuously held, notwithstanding which they neglected to pay the State Treasurer, upon the maturity of the note, the sum agreed upon, or any part thereof, and refused to accept the release of said mortgage and plaintiff's deed, which were duly tendered them, and which instruments, upon the commencement of this action, were deposited with the clerk of the lower court for the purpose of being delivered to the defendants upon the payment of the balance of the purchase price of the land. The case, being at issue, was tried, resulting in a verdict and judgment for plaintiff in the amount demanded, and defendants appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Messrs. Harry J. Bigger* and *Geo. G. Bingham.*

For respondent there was a brief and an oral argument by *Messrs. William M. Kaiser* and *John A. Carson.*

MR. JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

The plaintiff, having introduced in evidence the promissory note which formed the basis of her action, rested, whereupon defendants' counsel moved the court for a judgment of nonsuit, which being overruled, an exception was saved. It is contended that inasmuch as the complaint is in the ordinary form in an action on a promissory note, and it being averred in the answer that, in consequence of plaintiff's inability to convey the premises by a good and sufficient title, the note was without consideration, and the reply having admitted that the written promise was executed as evidence of the purchase price agreed to be paid for the land, and matured at the time the deed should have been executed, the conveyance and the payment became mutual and dependent conditions of the agreement, and, this being so, it was incumbent upon plaintiff to allege in the complaint, and to prove at the trial, that she tendered to the defendants a deed to the premises, but, having failed in these respects, the court erred in refusing to give the judgment of nonsuit.

1. The law appears to be well settled that if a vendor agree to convey real property upon the payment of the last installment of the purchase price, which is evidenced by a promissory note, the payment thereof and such conveyance, being simultaneous in their respective performance and execution, become mutual and dependent conditions of the agreement, and that, before the vendor will ordinarily be permitted to recover in an action on such note, he must, as a condition precedent, allege in the complaint, and prove at the trial, that prior to the

commencement of the action he tendered to the purchaser a deed of the premises which he had covenanted to convey, and otherwise performed his part of the agreement: *Glassell* v. *Coleman*, 94 Cal. 260 (29 Pac. 508) ; *McCroskey* v. *Ladd*, 96 Cal. 455 (31 Pac. 558): *Naftzger* v. *Gregg*, 99 Cal. 83 (37 Am. St. Rep. 23, 33 Pac. 757) ; *Duncan* v. *Charles*, 4 Scam. 561; *Headley* v. *Shaw*, 39 Ill. 354; *Sheeren* v. *Moses*, 84 Ill. 448; *Iles* v. *Elledge*, 18 Kan. 296; *Peques* v. *Mosby*, 7 Smedes & M. 340; *Underwood* v. *Tew*, 7 Wash. 297 (34 Pac. 1100). This rule is predicated upon the doctrine that, when mutual covenants go to the whole consideration on both sides, they are dependent conditions, the performance of which, or an offer to perform, must be alleged by the party claiming a breach of the agreement: 4 Enc. Pl. & Prac. 635.

2. Where, however, the purchaser enters into possession of the premises, they thereby become independent covenants ; and, this being so, in a suit by the vendor to recover from the purchaser in possession, an averment in the complaint of the vendor's ability and readiness to convey the land will be treated as surplusage : *Weaver* v. *Childress*, 3 Stew. (Ala.) 361. The reason for the rule announced in that case must rest upon the theory that, the purchaser having executed his promissory note evidencing the last installment of the purchase price of real property, the possession of which has been delivered to him under an agreement that upon the payment of such note he shall receive a deed to the premises, such possession must be presumed to be of some value, and hence the note is not wholly without consideration, even if it should be found that the vendor's title is defective, in which case the vendor may maintain an action on such note without alleging in the complaint a tender of the deed, thereby casting upon the purchaser the burden of alleging and

proving the failure of the consideration of the note *pro tanto*. True, the amended answer alleges that the purchase price mentioned in the bond for the deed was the consideration expressed in the note, "and there was no other consideration therefor ;" but, this averment having been denied in the reply, the pleadings do not admit that the mutual covenants of the parties are dependent, or that they go to the whole consideration of the agreement. The possession of the premises probably formed no part of the consideration of the note, for, as was said in the former opinion : "The bond for a deed not having provided that defendants should have the possession of the premises, the right of possession remained with the legal title, and was therefore in the plaintiff ; and, as the note was executed for the entire purchase money, before the surrender of the possession by plaintiff, it is quite evident the license given the defendants to occupy the land formed no part of the consideration of the note." An issue, however, in addition to the agreement to convey the land, having been made as to the consideration for the note, the execution of which is admitted in the answer, the burden was cast upon the defendants of showing that such instrument was, either wholly or *pro tanto*, without consideration ; and hence no error was committed by the court in overruling the motion for a nonsuit.

3.   In pleading, the primary cause of action should, of course, be stated in a complaint ; but the defendants having alleged in their answer that plaintiff failed to tender a deed conveying a good title to the land, which averment was denied in the reply, any failure upon her part to allege the performance of a condition precedent, in an action upon a negotiable promissory note, if such were necessary in case of failure of the consideration either wholly or *pro tanto*, when the evidence of such

35 OR.—10.

failure is contained in a separate memorandum (*Smalley*
v. *Bristol*, 1 Mich. 153), is cured by the verdict, when
the transcript shows that evidence was introduced at the
trial which tended to prove the performance of such con-
dition :   4 Enc. Pl. & Prac. 662 ;   *Happe* v. *Stout*, 2 Cal.
460 ;   *Colt* v. *Root*, 17 Mass. 228 ;   *Delashman* v. *Berry*, 21
Mich. 516 ;   *Bailey* v. *Clay*, 4 Rand. 346.

4.   The bill of exceptions in the case at bar recites :
"There was also testimony tending to show that the
plaintiff at one time tendered to the defendants, Mohney
and Smith, a deed    *   *   *   to the lands in question,
in performance of her contract, and that subsequently
she tendered to them, and prior to the commencement of
any action on the note described in the complaint, one
or more deeds from her to all of the five obligees named
in said bond for a deed."   It is insisted that, the plain-
tiff having executed to W. D. Mohney, F. J. Strayer, M.
W. Smith, J. A. Reinhardt, and L. M. Hensel a bond for
a deed, whereby she covenanted to convey to them cer-
tain real property, the court erred in permitting her,
over defendant's objection and exception, to introduce ev-
dence tending to show that subsequent to the execution
of the bond she entered into an agreement with Strayer
by which the defendants were to pay to her the remain-
der of the purchase price at the office of the State Treas-
urer.   For the purpose of showing that the obligees
named in the bond were partners, plaintiff was permit-
ted to testify that she negotiated the sale of the land with
Strayer ; that after the bond was executed she entered
into an agreement with him, by the terms of which the
defendants, in consideration of obtaining possession of
the premises, undertook to pay the balance of the pur-
chase price, upon the maturity of the note, at the office
of the State Treasurer, and thereupon offered in evidence
that portion of the original answer of Mohney and Smith

which alleges that the said obligees purchased the real
property for partnership purposes, and cultivated the
same as partners.   It is argued that, if Strayer had au-
thority to negotiate the purchase, it must be presumed
that such agency terminated upon the consummation of
the contract, that the testimony produced did not tend
to prove that a partnership existed, and that the original
answer was inadmissible in evidence.   In *Mecham* v.
*McKay*, 37 Cal. 154, it is held that admissions in an orig-
inal answer cannot be used against the defendant after
the filing of an amended answer omitting them, the court
saying, "If the party amends his pleading, stating the
facts differently, he would reap no benefit from his amend-
ment, if the adverse party were at liberty to use the first
pleading as an admission to overthrow the amended
pleading."   The rule thus announced has been con-
stantly followed by the Supreme Court of California,
but the great weight of judicial authority, in the absence
of a statute on the subject, is the other way ; and the
correct rule, in our judgment, is stated as follows :
"Admissions made in pleadings will bind the party in
the suit in which they are filed, though such pleadings
have been stricken out or withdrawn :" 1 Am. & Eng.
Enc. Law (2 ed.), 719.   Upon principle, such pleading
must be admissible in evidence, for, if a party makes an
oral declaration against his interest, it will be received
in evidence, as tending to defeat a right which he at-
tempts to assert in an action or suit in which the admis-
sion becomes material ; and, such being the case, an
original pleading, when verified, as in the case at bar,
must, when superseded by an amendment, also be ad-
missible for like reasons.   Plaintiff having testified that
Strayer informed her that he had authority to bind his
associates by the agreement to pay the balance of the
purchase money at the office of the State Treasurer, her

testimony on this subject was admissible in evidence, and, if believed, was binding upon him, at least, and, with the admissions contained in the original answer, tended to prove the partnership.

5. The following question was propounded to plaintiff on her direct examination as a witness in her own behalf, to wit : "State to the court and jury whether or not the defendants were injured in any way by Whelan holding possession of the small portion of the right of way next the shed described in the pleadings and in the judgment in the case of *Sayre* v. *Whelan.*" An objection to this question having been overruled, and an exception saved, the witness answered : "No, sir ; they were not. When Whelan put the fence across the road, I gave them right of way called for in the bond, and they were not prevented from going in and out at any time, because they took possession, and went right on and kept it all the while—the two years—until the bond was due." It is contended that the court erred in admitting this testimony because, plaintiff having covenanted to convey a right of way across her land to the premises which she agreed to convey to the defendants, it is immaterial whether or not they sustained any injury by reason of a portion of the way having been fenced up by a third person. The bond for a deed provided that plaintiff would convey a perpetual private right of way to the obligees, thirty feet wide, "but in case Whelan, his heirs or assigns, shall at any time close up the portion thereof belonging to him, then I am to give twenty feet private right of way." The defendants, having accepted a bond that provided for a contingency which might render the right of way narrower than was desirable, cannot attribute the result which followed from fencing up the way to any fraud or neglect on plaintiff's part, and, unless they were injured by Whelan's obstructing an insignificant portion of the

way, they have no just cause for rescinding the contract of purchase on account thereof ; and for this reason the testimony objected to was material and admissible : *Mc-Court* v. *Johns*, 33 Or. 561 (53 Pac. 601).

6. It is contended by defendants' counsel that, the contract for the sale of the land having been evidenced by a written memorandum, as required by the statute, any change in its terms must be by a written agreement, and hence the court erred in admitting testimony tending to show that the original contract was modified by the subsequent agreement to pay the balance of the purchase money at the office of the State Treasurer ; while plaintiff's counsel insist that, the original contract being silent as to the manner of the performance of its conditions and as to the possession of the premises, the subsequent parol agreement was an independent, collateral engagement, founded upon a new consideration, which did not change or qualify the prior agreement. In *Buzzell* v. *Willard*, 44 Vt. 44, it is held that evidence not intended to affect a deed of conveyance of a mill, but to prove an independent agreement, collaterally connected with the sale of the mill, was admissible. In *Carter* v. *Shibles*, 74 Me. 273, it is held that oral evidence which does not contradict or vary the record is admissible to prove that a particular fact which might legally be in issue under the pleadings was properly submitted to the judgment of referees by whom the case was heard, and determined by their award. In *Long* v. *Hartwell*, 34 N. J. Law, 116, it is held that a substituted performance, agreed upon by parol, actually and fully executed by the vendor, and accepted by the purchaser, may be set up in defense to an action on a written contract, within the statute of frauds. So, too, in *Negley* v. *Jeffers*, 28 Ohio St. 90, it is held that when a deed to real property has been executed, or the title has passed in any other manner, a subsequent

agreement between the vendor and purchaser, as to the pecuniary liabilities growing out of the transaction, which does not take away or confer any interest in the land, but only determines the time when the purchase money becomes due, is not affected by the statute of frauds. As illustrating the principle announced in the cases to which attention has been called, see, also, *Stearns* v. *Hall*, 9 Cush. 31 ; *Lanphire* v. *Slaughter*, 61 How. Prac. 36 ; *Paul* v. *Owings*, 32 Md. 402 ; *Collingwood* v. *Merchants' Bank*, 15 Neb. 118 (17 N. W. 359); *Delaney* v. *Linder*, 22 Neb. 274 (34 N. W. 630) ; *Blanchard* v. *Trim*, 38 N. Y. 225 ; *Van Brunt* v. *Day*, 81 N. Y. 251 ; *McNish* v. *Reynolds*, 95 Pa. St. 483. In the case at bar the note was made payable at Salem, Oregon ; but, inasmuch as no particular part of the city was designated in the written instrument as the place where the payment was to have been made, the subsequent agreement, founded upon a sufficient consideration, to the effect that the balance of the purchase money should be paid at the office of the State Treasurer, in said city, did not change or qualify the terms of the written agreement, to which it was collateral, as an independent engagement. Defendants' counsel assign other errors, but, not deeming them of sufficient importance to merit an extended consideration of the points involved, the judgment is affirmed.

AFFIRMED.

Decided 29 May, 1899.