FIRST NATIONAL BANK OF MADISON V. SPEAR *et al.*

1. Where plaintiff moves to amend his complaint and judgment by striking out one of the causes of action, reducing the amount of the judgment, which is granted, and the record of such proceedings is duly certified to the appellate court on its order, appellant is not entitled to strike out respondent's additional abstract containing such proceedings, on the ground that they are not authenticated nor contained in the bill of exceptions.

2. In an action on non-negotiable notes, plaintiff establishes a prima facie case by introducing the notes in evidence, and is not required to negative the maker's defense of failure of consideration as a part of plaintiff's main case, though the facts on which such defense is based are in effect admitted in the reply.

3. Where non-negotiable notes, payable at different dates, are given in consideration of stock in a corporation and a lease of certain ground, which lease is to be delivered on full payment of the notes, such payments are independent conditions of the contract, and no tender of the stock and lease is required before suit on the notes, if brought prior to the maturity of the last note, but, the payee having failed to sue until after the last note matures, the payment of the notes and the delivery of the stock and lease become mutual dependent covenants, and the payee is

not entitled to recover without proof of ability and willingness to perform on its part.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Lake county. Hon. Joseph W. Jones, Judge.

Action upon promissory notes. Plaintiff had judgment and defendant Gustavus Spear appeals. Reversed.

*G. R. Krause*, for appellant.

An averment and proof that the payee of the notes had tendered or offered to furnish the lease, or that it was ready and willing to deliver the same, were essential elements in respondent's cause of action, and without such proof it cannot recover. Hedge, Trustee, v. Gibson. 12 N. W. 713; Parr v. Johnson, 35 *Id.* 176; Davis v. Jeffries, 5 S. D. 352; 58 N. W. 815; Wood Harv. Co. v. Jefferson, 59 N. W. 532; Ortmann v. Fletcher, 76 *Id.* 63.

*D. D. Holdridge & Son*, for respondent.

If there was error, it was cured by the remittitur, the order for which was not appealed from. Kidder v. Aaron, 72 N. W. 893; Regier v. Shieck, 66 N. W. 618.

Corson, P. J. This is an action upon five promissory notes, each drawn for the sum of $25, and payable to the Lake Madison Chautauqua Association of South Dakota. The plaintiff was the assignee of these notes, and they, with one other, were given in consideration of one share of the stock of the association and a 99-year lease to a lot of ground belonging to the association. The complaint was in the usual form, and to this the defendant interposed an answer as follows: "That on or about July 18, 1893, this defendant and the Lake Madison

Chautauqua Association of South Dakota, co-defendant herein, entered into an agreement, by the terms of which said association sold to this defendant, and was then and there to deliver to this defendant, a certificate for one share of its capital stock, and was also to make, execute, and deliver to this defendant a 99-year lease of lot No. 4, of block No. 10, on the assembly grounds of said association; and for which, under the terms of the said agreement, this defendant was to and did then and there make and deliver to said association his five promissory notes in writing, for the sum of $25 each, which said notes were each dated July 18, 1893, and due and payable thereafter as follows: One October 1, 1893; one on July 1, 1894; one on January 1, 1895; one on July 1, 1895; and the other on January 1, 1896; and were all made payable to the Lake Madison Chautauqua Association of South Dakota. * * * That said Lake Madison Chautauqua Association of South Dakota has not delivered said certificate of stock, nor has it made, executed and delivered said lease for lot No. 4, block No. 10, of the assembly grounds of the said association, to this defendant, according to this agreement, and by reason of said nonexecution and nondelivery, the consideration for said notes has wholly failed; and that there was no other consideration for the said notes. * * *'' To the answer of the defendant Spear the plaintiff interposed a reply, in effect admitting the allegations of the answer, and alleged that, in accordance with said agreement, the association issued said certificate of stock to said Spear, and properly entered the said stock upon the books of the said association; and that said certificate was issued on July 18, 1893, and that said certificate has always been subject to the demand of the said Spear, and is now subject to his de-

mand, but that he has never called for the same and never demanded the same; that, ever since the said notes were given, the said Spear has been entitled to and has received the benefits of a shareholder in said association, and is now the owner of said share of capital stock, and a member of said association; and plaintiff especially denies that said Gustavus Spear was to receive from said Chatauqua Association a deed for 99 years for lot No. 4, block No. 10, on the assembly grounds of the said association, at the time of the execution and delivery of the said notes. Plaintiff further alleges that said Lake Madison Chautauqua Association of South Dakota has performed all the covenants, conditions, and agreements of said contract with the defendant Spear. Judgment was entered for the plaintiff for the sum of $192.95, being the total amount due on the five notes sued on. From this judgment the defendant Spear has appealed to this court.

Before proceeding to discuss the merits of the case, it becomes necessary to dispose of a motion made by the appellant to strike out the respondent's additional abstract, made upon the grounds (1) that the matters and things therein set forth are not in this case and are not authenticated; and (2) because the matters and things therein set forth are not contained in the bill of exceptions, and are not a part of the record herein.

We are of the opinion the motion must be denied. The additional abstract purports to set out certain proceedings had on the trial on the 23rd of May, 1898, to amend the complaint and judgment. The record of these proceedings consisted of a notice of motion to amend plaintiff's complaint by striking out the last cause of action—being upon the last note—reducing the amount of the judgment, the affidavit upon which the mo-

tion was based, and an order of the court directing that the complaint and judgment be amended as prayed for. This record was duly certified to this court pursuant to its order. In the view, however, we take of the case, these amendments will not affect the decision of this court.

On the trial the plaintiff introduced in evidence the notes sued on, proved its incorporation, and rested. Thereupon the defendant Spear moved the court for the direction of a verdict against the plaintiff, for the reason that the plaintiff had failed to prove a cause of action against the defendant under the pleadings; the notes being nonnegotiable, and plaintiff not having shown that the payee had performed conditions precedent to recover under its contract shown by the pleadings. The motion was denied, and the ruling of the court in so denying the motion is assigned as error. We are of the opinion that the ruling of the court was correct, as the production of the notes in evidence made out a *prima facie* case for the plaintiff. The contract alleged on the part of the defendant Spear, and in effect admitted in the reply, was a matter of defense.

Defendant Spear thereupon introduced in evidence a memorandum receipt signed by the Lake Madison Chautauqua Association, by J. L. Jones, its agent, by which the association acknowledged the receipt of six promissory notes, dated July 18, 1893, for $25 each, and giving the several dates of payment, in full payment of one share of stock in the Lake Madison Chautauqua Association of South Dakota, and in which was the following stipulation: "It is hereby agreed by and between the Lake Madison Chautauqua Association of South Dakota and the maker of the above notes that, upon the full payment of the above notes, he shall receive a ninety-nine year

lease of lot No. 4, block No. 10, on the assembly grounds of the said association, and that prior to January 1, 1896, he shall have the free use and control of said lot, subject to the rules and regulations of said association." It appeared from the evidence on the part of the defendant Spear that he had never received the certificate of stock, and had never received any lease for the lot mentioned, and he admitted that he had never made any demand for either. It was shown on the part of the plaintiff that the said Spear had been entered as a stockholder on the books of the association, and that the certificate of stock had been made out for him, but by some inadvertence had never been sent to him. Plaintiff further proved that one of the six notes executed by Spear had been paid by him. All of the five notes were past due when this action was commenced. Upon this state of facts, the appellant contends that he was entitled to judgment, for the reason that neither the stock nor a lease had been tendered to the defendant prior to the institution of the suit; that the delivery of the stock and execution of the lease were conditions precedent, that must be performed on the part of the plaintiff or its assignee before it could recover upon the notes.

The respondent insists that the association had substantially complied with its agreement by entering the name of Spear as a stockholder upon the books of the association, and that the certiffcate of stock was only evidence that he was such a stockholder; and it further insists that the agreement to execute the lease was an independent agreement, and not a condition precedent to the right of respondent to recover It will be noticed in this case that the notes are non-negotiable, and were executed as separate and distinct instruments from the

agreement. This court held in Davis v. Jeffris, 5 S. D. 352, 58 N. W. 815, that in a mutual contract the undertakings of the respective parties are considered dependent, unless a contrary intention clearly appears. This is undoubtedly the correct rule, where it does not affirmatively appear from the contract itself that the parties intended that the stipulations should be independent. In the case at bar, the execution of the several notes on the part of the defendant Spear, to become due at different dates, clearly shows an intention on the part of the respective parties that at least the payment of five of these notes were independent conditions, and each of those five notes could have been collected at the time they were severally due without any tender of the stock of the association or the 99 year lease specified in the contract. Walter A. Wood Harvester Co. v. Robbins, 56 Minn, 48, 57 N. W. 317; Rourke v. McLaughlin, 38 Cal. 196; McCroskey v. Ladd, 96 Cal. 455, 31 Pac. 558;; Beecher v. Conradt, 13 N. Y. 108; Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362. But, when all the notes became due which had not been paid prior to the time the last note became due, a different rule prevails. If the payee or assignee of a non negotiable note fails to collect the same or to bring suit thereon prior to the maturity of the last note, then and thereafter the payment of the notes must be regarded as a dependent condition, and no recovery can be had upon them unless the other party shows an ability and willingness to comply with the terms of the contract on its part, and the agreement to pay the entire purchase money, and to deliver the stock and execute the 99-year lease, became mutual and dependent covenants. Bank v. Hagner, 1 Pet. 455; Loud v. Water Co., 153 U. S. 564, 14 Sup. Ct. 928; Shelley v. Mikkelson, 5 N. D. 22, 63 N. W. 210; Hogan v. Kyle, 7

Wash. 595, 35 Pac. 399.   Where the stipulation to pay is independent, an action at law for the purchase price may be maintained; but, where the time for the performance on the part of the other party has arrived before suit is brought for the price, the action that can be properly maintained by the vendor is one for specific performance.   Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916; Rock Island Lumber & Manfacturing Co. v. Fairmont Town Co., 51 Kan. 394, 32 Pac. 1100; 22 Am. & Eng. Enc. Law, 947,   The better authority seems to hold that, after the time fixed for performance on the part of the vendor, a suit for the purchase money is necessarily an action in equity.   Johnson v. Wadsworth, 24 Or. 494, 34 Pac. 13; Hogan v. Kyle, *supra.*   All the notes having matured before suit, the notes and agreement must be construed together, and treated as one instrument, embracing dependent mutual conditions, viz. a stipulation to transfer the stock and to execute to Spear, a lease, dependent upon the payment, and a stipulation to pay by appellant, on delivery of the stock and execution of the lease.   McCroskey v. Ladd, *supra;* Divine v. Divine, 58 Barb. 264; Underwood v. Tew, 7 Wash. 297, 34 Pac. 1100.   Had the agreement in this case been simply on the part of the association, to deliver to the appellant one share of the stock of the association, the rule, above stated might not apply, as the stock of the association is considered personal property, and an action to enforce the contract could not be maintained, but a pecuniary compensation could be made for the breach of the agreement. But the contract for the lease of the real estate for 99 years must be regarded as a contract to transfer real property, which cannot be adequately relieved by pecuniary compensation.   Section 4629, Comp, Laws; Smith v. Rector, etc., 107 N.

Y. 610, 14 N. E., 825. The action, however in this case was not one for "damages," in the ordinary sense in which that term is used, but was brought for the stipulated price, after the time for executing the lease had expired. It is true that the real character of the action was not disclosed by the complaint, as that was an action upon the notes simply, but was disclosed by the answer and reply thereto and proof on the trial. Possibly a reply in this case was not necesary, but the admissions made in the reply may be considered in determining the nature of the transaction, and the memorandum of agreement admitted in evidence clearly shows the nature of the same. Although the action is apparently one at law, yet, when the nature of the transaction is considered, the action is really one in equity to enforce the payment of money stipulated to be paid, and should have been so treated by the court. Rindge v. Baker, 57 N. Y. 209. In that case the court says: "It is claimed that the present action is not an equitable one. The fact that it is brought for money is not decisive on that point. The real test in such an action is this: If it be brought for damages for breach of contract, it is a case at law; if it be brought for money, by way of a specific performance of a contract, it is a case in equity. Thus, where a vendor in a contract for the sale of land sues for the price, his action is equitable." Taking this view of the case, it is quite clear that respondent should not have been allowed to recover in this action without showing its ability and willingness to furnish the appellant the lease specified in the agreement. This lease may have been, and probably was, the principal consideration for which the appellant was to pay the $150 expressed in the notes; and it would be manifestly unjust to allow the respond-

ent, as assignee, to recover upon all the notes or any of them, after the last note became due and payable, without tendering or offering to the appellant a duly-executed lease, as specified in the contract. Possibly it may not have been necessary in the case at bar to have required of the respondent a tender of such executed lease prior to the commencement of the action; as, the notes being seperate from, and apparently independent of, the agreement, it was sufficient for the respondent in the first instance to declare on its notes, and their production on the trial made out a prima facie case on its part. But when the whole case was disclosed to the court, and the connection between the notes and the contract was shown, the court should then have treated the case as one in equity, and refused a judgment for the respondent, without the insertion of proper conditions for the execution and delivery of a good and sufficient lease, and the share of stock as specified in the agreement, before the appellant should be required to pay the amount due upon the notes remaining unpaid. By treating the action as one in equity, the court, in this class of cases, by virtue of its flexible rules as a court of equity, is enabled to do exact justice between the parties. The amount involved in this case is small, but the principles applicable to it are the same as would be applicable in a case where a much larger sum was involved. The fact that the notes executed in this case were non-negotiable clearly indicates that the appellant did not intend to be bound for their absolute payment unless the conditions of the contract were complied with. The judgment in this case being entered as one at law, and providing for the absolute recovery on the part of the respondent, as against the appellant Spear, of the amount remaining due upon all the notes remaining un-

paid, without any condition as to the execution and delivery of the lease and stock specified, is clearly erroneous, and the same is reversed. The cause is remanded for a new trial in accordance with the principles herein stated.