[No. 15968. Department Two. January 14, 1921.]

F. W. WAGNER COMPANY, *Appellant*, v. JOHN L. CRAIB & COMPANY, *Respondent*.[1]

SALES (12, 126, 129)—VALIDITY—CONTRACT BY CORRESPONDENCE—DELIVERY—ACTION FOR DAMAGES—CONDITIONS PRECEDENT. Upon a sale of 100 tons of hay, delivery to commence about August 15, without specifying time for completion, the buyer's letter, after receiving the first shipment, to the effect that just at present it was not in need of further shipments, is not a repudiation of the order; and the seller must make a tender of the balance before bringing suit for breach of contract.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 23, 1920, dismissing an action on contract, upon sustaining a demurrer to the complaint. Affirmed.

*V. O. Nichoson* and *Nelson R. Anderson,* for appellant.

*Byers & Byers,* for respondent.

[1]Reported in 194 Pac. 584.

MITCHELL, J.—A general demurrer to the complaint in this action was sustained. The plaintiff refused to plead further, and has appealed from a judgment of dismissal.

In effect, the complaint alleges: That the appellant, engaged in business in Sunnyside, Washington, made to the respondent, engaged in business in Seattle, Washington, an offer by telegram on July 24, 1919, to sell hay "up to 500 tons at $26," shipping to start about August 15. That, on July 25, 1919, respondent answered by wire, confirmed by a letter the same day, saying: "we wired you today accepting the 100 tons of alfalfa at $26 f. o. b. shipping point, loading to commence around August 15"; and on July 30, 1919, respondent wrote:

"We have been expecting to hear from you in regard to our telegram and letter ordering 100 tons of alfalfa. Kindly let us hear from you and oblige."

That on July 30 or 31, 1919, appellant's manager, in person, at Seattle, notified respondent orally that its order had been booked. That on August 12, 1919, appellant shipped and delivered to the respondent 17,020 pounds of hay and gave notice thereof by letter on that day as follows:

"We are shipping you today S. S. & W. car No. 10838—143 bales alfalfa, 17,020 pounds. Your order did not state when we should start shipping and understood same to be when hay was ready. We will be loading one more today providing we can get cars. Kindly advise us if those shipments at this time are O. K."

That on August 13, 1919, respondent wrote to appellant as follows:

"We are in receipt of your letter of August 12th notifying us that you had shipped one car of alfalfa. We did not expect to get any hay from you as you never

replied to our letter of July 30th, when we wrote you asking for confirmation of our order of July 25th. Your telegram quoted 500 tons and we did not know whether you cared to sell less than this quantity. In the meantime we bought hay from other parties to cover sales we had made, so just at present we are not in need of more hay for immediate shipment.''

That in answer to the last mentioned letter appellant on August 14, 1919, wrote:

''Your letter of yesterday regarding hay received and contents noted. In regard to the confirmation you speak of, the writer was in your city the same day you wrote this letter on confirmation, and was talking with you at the poultry association office, at which time I told you we would see that you received first class stuff on your 100-ton order, and that these shipments would have our personal attention both in loading and billing, and at that time you stated that would be all right. This confirmation the writer considered sufficient and booked your order accordingly. However, we have moved what we have baled at this time and will be pleased to take care of your order at a later date or whenever you order same shipped.''

That thereafter, on September 13, 1919, appellant wrote:

''Hay baled on your contract. Would appreciate you taking delivery at this time,'' to which respondent answered, ''Replying to your letter of September 13, we would refer you to our letter of August 13, which covers the point mentioned in your letter.''

It is further alleged that the 17,020 pounds shipped on August 12, 1919, had been paid for; that appellant was at all times ready, able and willing to ship the balance of the 100 tons; that the market price of hay had declined five dollars per ton; and that the respondent wrongfully refused to accept the remainder to appellant's damage in the sum of $457.

It may be assumed, for the purpose of a decision of the case, upon what we think to be a controlling consideration, that there was a valid contract entered into for the sale of one hundred tons of hay. While the correspondence shows that delivery was to *commence* about August 15, 1919, it is silent as to how fast the hay should be delivered or when the delivery should be finally completed. In reply to appellant's letter of August 12, 1919 (the date of the small shipment) the respondent on the next day, by letter, after stating it did not expect to get hay from appellant because of lack of confirmation of its order for only one hundred tons while the original offer quoted five hundred tons, concluded by saying:

"In the meantime we bought hay from other parties to cover sales we had made, so just at present we are not in need of more hay for immediate shipment."

Clearly the last statement, coupled with the acceptance of the small shipment made the day before, did not amount to a repudiation of the contract, but only that at present more hay was not needed for immediate shipment. Promptly the appellant answered reminding the respondent of a former oral acceptance of the order, and advising respondent that at that date it had disposed of all of its baled hay "and will. be pleased to take care of your order at a later date or whenever you order same shipped." Thereafter nothing was done until on September 13, appellant notified respondent it had "hay baled on contract. Would appreciate you taking delivery at this time."

The reply to this letter, by which the appellant was referred to respondent's letter of August 13 as covering the point mentioned, must be taken as meaning that respondent was "just at present, not in need of more hay for immediate shipment." Thus it appears

that, after the small shipment on August 12, the appellant was not prepared to make any further shipment until September 13, at which time it suggested that it would appreciate respondent's taking the hay. But just at that time respondent was not needing any and, in the absence of some specific understanding as to the date of delivery and acceptance, it was necessary that appellant make a tender of the balance of the order in order to create a right of action for a breach of contract.

Where the obligations of the parties are mutual and concurrent, in order to fix the liability of the buyer, the seller must offer to perform upon his part by an actual tender of performance. *Underwood v. Tew,* 7 Wash. 297, 34 Pac. 1100; 35 Cyc. 169. The correspondence set out in the complaint, which must be taken to consist of all that took place between the parties, fails to show any refusal on the part of the respondent to accept the hay, and the complaint is silent as to any offer on the part of the appellant to perform the contract by an actual tender, the last expression from it being that it would appreciate the taking of delivery by the respondent.

Judgment affirmed.

HOLCOMB, MOUNT, MAIN, and TOLMAN, JJ., concur.