Decided at PENDLETON, July 20, 1895.

## VEASEY v. HUMPHREYS.

[41 Pac. 8.]

1. PLEADING— DEFENSES— QUALIFIED TRAVERSE— CODE, § 73, SUBDIVISION 2. — Under the Code a defendant may plead as many defenses as he may have, and may join them with denials, if the two are not inconsistent; in the latter case the denials should be qualified: *McDonald* v. *American Mortgage Company,* 17 Or. 633, cited and approved.

2. PLEADING INCONSISTENT DEFENSES.— Where a defendant absolutely denies an alleged fact, and then in a separate or special defense directly admits the same fact, the admission and not the denial will be taken as true, so that there can be no denial of a fact that is absolutely admitted. Within this rule the execution of a chattel mortgage is admitted by allegations in a defense that plaintiff and one of the alleged mortgagors conspired to place the property beyond the reach of creditors of the other mortgagor by its pretended execution, and that plaintiff received it knowing that it was attempted to be executed by the former mortgagor without considera-

tion, although the names of both are signed thereto, and its excution by them is unqualifiedly denied in another defense.

APPEAL from Wallowa: MORTON D. CLIFFORD, Judge.

This is an action to recover possession of thirty-seven head of cattle. The complaint alleges, among other things, that during all the time from March first to August twenty-third, eighteen hundred and ninety-three, R. M. Douney and D. C. Nicholson were partners, doing business under the firm name of Douney and Nicholson; that on or about March tenth, eighteen hundred and ninety-three, plaintiff sold and delivered to said firm a certain lot or drove of cattle, taking for the purchase price thereof three joint and several notes, signed in their individual capacity, for the sum of four hundred and twenty dollars each, payable, respectively, eighteen, thirty, and forty-two months after date; that to secure the payment thereof "the said Douney and Nicholson did, on August twenty-first, eighteen hundred and ninety-three, execute and deliver to plaintiff their certain chattel mortgage in writing upon all the cattle so sold," except two head thereof. The complaint then proceeds with appropriate allegations of the filing of the mortgage, its conditions, and the breach thereof, of plaintiff's ownership and right to possession by virtue of such conditions, and of the wrongful taking and detention of the thirty-seven head of cattle by defendant. Another action was commenced December fifth, eighteen hundred and ninety-three, by plaintiff against defendant to recover thirty-three head more. The allegations of the complaint are substantially the same as in the first case. The defendant filed an answer to each of these complaints, denying specifically each and every allegation thereof, including the allegation of the execution and delivery of the mortgage by Douney and Nicholson to plaintiff. By each of

said answers defendant justifies his taking and detention, as sheriff of Wallowa County, Oregon, the first under a writ of attachment, and the second under an execution duly issued out of the circuit court in and for said county, in an action by A. Levy against R. M. Douney, for the purpose of subjecting Douney's undivided one half interest to the payment of Levy's claim against him. In the further and separate defense to the first complaint it is alleged: "That on or about the twenty-first day of August, eighteen hundred and ninety-three, * * * the plaintiff and said D. C. Nicholson, conspiring together, and without any cosideration, and in bad faith, attempted to place all the property herein described beyond the reach of the creditors of the said R. M. Douney, by then and there pretending to execute said alleged chattel mortgage mentioned in plaintiff's complaint, and that any and all claims of plaintiff in and to said property or any part thereof are fraudulent and void as against the rights of said creditors of the said R. M. Douney, and especially fraudulent and void as against the rights of said A. Levy; and said plaintiff received said alleged chattel mortgage with full knowledge that the same was attempted to be executed by the said D. C. Nicholson without any consideration at all, and for the sole purpose of hindering, delaying, and defrauding the creditors of the said R. M. Douney." The answer to the second complaint being substantially the same, the two cases were consolidated and tried as one. At the trial, the chattel mortgage, which was signed "Douney and Nicholson," and witnessed by one W. W. White, was offered in evidence, and admitted by the court over objections by the defendant, based upon the ground that the execution of said instrument having been witnessed by W. W. White, he should have been called, or his absence accounted for, before other proof of its execution was admissible. The

verdict and judgment being for plaintiff, the defendant appeals.                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Ivanhoe and Sheahan.*

For respondent there was a brief by *Mr. J. Nat Hudson,* and an oral argument by *Mr. Thomas G. Hailey.*

Opinion by MR. JUSTICE WOLVERTON.

1.   It is claimed by the plaintiff that the execution of the chattel mortgage in question was admitted by the pleadings, and that he was entitled to have it admitted in evidence without other proof of its execution.   This contention involves to some extent a consideration of the rules of pleading touching the allegation of new matter constituting a defense.   The statute provides (Hill's Code, §.73, subdivision 2,) "The defendant may set forth by answer as many defenses and counterclaims as he may have.   They shall each be separately stated, and refer to the cause of action which they are intended to answer in such manner that they may be intelligibly distinguished."   New matter pleaded under this statute which goes to defeat the plaintiff's cause of action, logically speaking, if not expressly, admits by implication a real or apparent right in plaintiff to be thus avoided. Such a plea at common law was by way of confession and avoidance, in which the defendant had to give color to the plaintiff; by this is meant he was required to give plaintiff credit for having an apparent or *prima facie* right of action, independently of the matter disclosed in the plea to destroy it.   A special defense of new matter in avoidance may, however, go with a traverse, at least when not inconsistent.   The confession should in such case be qualified, says Bliss, as under the old precedents.

Thus, as found in Chitty, the contract to be avoided should be alluded to as "the said supposed contract," or "the said several supposed debts and causes of action" or "the supposed escape." There is no confession in terms, and it is only implied from the nature of the defense: Bliss on Code Pleading, §§ 340, 341. WOODRUFF, J., in *Ketcham* v. *Zerega,* 1 E. D. Smith, 560, cites other precedents from Chitty. Thus, a plea of nonjoinder of another defendant was made as follows: "Because they say that the said several supposed promises," etc., "if any such were made by them, were made by them and A. B. jointly," etc., or, as in a plea of bankruptcy, "that after the making of the said several supposed promises and undertakings, if any such were made, he, the said C. D., became a bankrupt," etc. It often happens that new matter directly alleged would be inconsistent with an absolute traverse, so that both could not be verified, and, in such case, if the pleader desires to avail himself of both defenses, that is, to put the opposing party to the proof of his plea, and at the same time save to himself an affirmative defense, it is essential that the allegations of new matter should be qualified, or else they should be preceded by a qualified traverse. These observations apply to such defenses as are only apparently inconsistent, but when clearly so it is doubtful whether they can be pleaded in the same answer. In further illustration, THAYER, C. J., in *McDonald* v. *American Mortgage Company,* 17 Or. 633, (21 Pac. 883,) says: "The two defenses set up in the answer, that the respondent never employed the law firm of McDougall and Bower, and that they were guilty of gross negligence in the management of the business, were not necessarily inconsistent, as they both may have been true. If the respondent had denied the rendition of the services, and then alleged that they were negligently and

unskillfully performed, the case would have been different. In the latter case, the defense, unless the denials were with an *absque hoc,* as it was termed, would be inconsistent, as both could not be true." In the case at bar the defendant had a perfect right, by his denials, unless he knew them to be false, to put the plaintiff to the proof of the execution of the chattel mortgage, and by a proper plea show that if said alleged mortgage was in fact executed by or bears the signature of said alleged or supposed firm of Douney and Nicholson, it is the result of a conspiracy entered into by D. C. Nicholson and the plaintiff, for the purpose of defrauding the creditors of Douney, and was without consideration and void. Such denials and plea of fraud and want of consideration have been held not to be inconsistent, and are properly pleadable in the same answer: *Citizens' Bank* v. *Closson,* 29 Ohio St. 78; *Pavey* v. *Pavey,* 30 Ohio St. 600; *Nelson* v. *Brodhach,* 44 Mo. 596 (100 Am. Dec. 328); *Mott* v. *Burnett,* 2 E. D. Smith, 50; *Bell* v. *Brown,* 22 Cal. 672; *Ketcham* v. *Zerega,* 1 E. D. Smith, 560.

2. But, as between a denial of a fact alleged in the complaint, and a direct admission of the same fact in a further and separate or special defense, the admission and not the denial will be taken to be true: *Derby* v. *Gallup,* 5 Minn. 119, and 1 Thompson on Trials, § 197. There can be no denial of a statement absolutely admitted upon the record: Bliss on Code Pleading, § 341. Now, in this case, the defendant denied the execution of the chattel mortgage in question by Douney and Nicholson; but in the further and separate defense set forth in his answer he alleged, in effect, that the plaintiff and Nicholson conspired together and in bad faith attempted to place the property beyond the reach of Douney's creditors by then and there pretending to execute said alleged chattel mortgage mentioned in plaintiff's complaint * * * and

that the plaintiff received said alleged chattel mortgage with full knowledge that the same was attempted to be executed by the said D. C. Nicholson without any consideration. This is an admission of the execution of the mortgage by D. C. Nicholson. When the mortgage was produced, it was found to be subscribed "Douney and Nicholson." If Douney and Nicholson were partners, a question which was left to the determination of the jury, the physical signing of the firm name, from the nature of things, would be done by one of its members, or by an authorized agent, as a copartnership acts through its members or an agent, so that an admission that D. C. Nicholson executed the mortgage by signing the firm name was an admission of its execution. The reasonable interpretation of the answer is that the firm of Douney and Nicholson did not execute the mortgage, as there was no such firm in existence; that D. C. Nicholson did execute it, but without right or authority from the supposed firm or from Douney. The answer thus construed enabled the plaintiff to dispense with the preliminary proof by the subscribing witness before offering the mortgage in evidence, and the court committed no error in admitting it. There are some other assignments of error in the record but they are not deemed prejudicial. The judgment of the court below is therefore affirmed.

AFFIRMED.