ZIPP v. COLCHESTER RUBBER COMPANY.

1. The admission of the averments of a complaint alleging the execution and breach of a mutual agreement to buy and sell merchandise entitles plaintiff to at least nominal damages, and hence an objection to the introduction of testimony on the ground that the complaint does not state facts sufficient to constitute a cause of action was properly overruled.

2. In in action by the buyer against the seller for a breach of a mutual written agreement to buy and sell, evidence of a written order for goods signed by defendant by a salesman was admissible, if it was shown to have been accepted, though it was not signed by plaintiff, and the salesman was unauthorized to sign the same for defendant.

3. An objection that a paper admitted to prove a written agreement was a copy, and that no proper foundation had been laid for the admission of secondary evidence, comes too late on appeal.

4. One of the original duplicate copies of a written agreement is primary evidence thereof.

5. In an action by the buyer for the breach of a mutual written agreement to buy and sell merchandise, based on written orders therefor given to defendant's salesman, and accepted by defendant in writing, testimony of plaintiff's agent who negotiated for the goods that, when the orders were filled out, he agreed with the salesman to receive the goods, and pay for them for plaintiff on a certain date, is admissible to show that plaintiff, through her agent, authorized the salesman to transmit the orders, and that they were in fact orders to buy the goods described at the prices and on the terms stated therein.

6. Objections to the admission of parol evidence of letters on account of defects in the admission of preliminary evidence comes too late on appeal.

7. Notice to a party to produce a writing in his possession directly involved in the cause of action or defense, so that the nature of the action or the contents of the pleadings give notice that it will be required, is unnecessary.

8. Where the existence of a written contract sued on necessarily depends on letters in defendant's possession, which passed between the parties, and the pleadings showed that the cause of action, if any existed, was founded on said letters, both the nature of the action and the contents of the pleadings give defendant sufficient notice that the letters will be required on the trial.

(Opinion filed October 3, 1899.)

Appeal from circuit court, Lawrence county. Hon. LORING E. GAFFY, Judge.

Action by Caroline E. Zipp against the Colchester Rubber Company to recover damages for an alleged breach of contract There was a judgment for plaintiff, and defendant appeals. Affirmed.

*William R. Steele* and *Humphrey Barton*, for appellant.

Secondary evidence to prove the contents of original papers, documents or letters in the possession or under the control of the opposite party is not admissible until after a seasonable notice to produce has been given and a failure to so produce. United States v. Winchester, 2 McLean's, 135; Dade v. Aetna Ins. Co., 56 N. W. 48; Carland & B. v. Cunningham, 37 Pa. St. 332; Sheehan v. Ins. Co., 53 Mo. App. 355; Murray v. Mattison, 32 At. Rep. 479; Rockwell Stock & Land Co. vs. Castro, 42 Pac. Rep. 180; McCormick H. M. Co. v. Millett, 29 S. W. Rep. 80; Traber v. Hicks, 32 S. W. Rep. 1147; Hagaman v. Gillis, 68 N. W. 192; Ginner v. Fall, 15 Cal. 66; Newton v. Donnelly, 36 N. E. 770; Thompson on Trials, Vol. 1, Sec. 770; 1 Greenleaf on Ev., Sec. 560; Littleton v. Clayton, 77 Ala. 574; Anderson Bridge Co. v. Applegate, 13 Ind. 339.

Orders taken by a traveling salesman whose only authority is to solicit orders could have no binding force on defendant until accepted by it positively and without condition. McKindley v. Dunham, 55 Wis. 515.

The true measure of damages was the difference between the contract price and the market price at the time of delivery and at the market nearest the place of delivery. Parson v. Sutton, 66 N. Y. 96; Stenton v. Walbaům, 45 Ill. 44; White v. Miller, 71 N. Y. 133; Howe Mach. Co. v Bryson, 44 Ia. 163; 2 Sutherland on Dam. 365. No such damage was pleaded and the complaint failed to state a cause of action.

*McLaughlin & McLaughlin,* for respondent.

A notice to produce papers is not necessary when they are necessarily involved in the cause of action or defense, and the nature of the action or contents of the pleadings give notice that they will be required. 1 Greenleaf Ev. §§ 561, 562; Schouweiler v. Hough, 7 S. D. 163.

The complaint was sufficient. As the damages were not special, it was only necessary to allege a contract, the breach thereof and that damage resulted to plaintiff. Johnson v. Gilman, 6 S. D. 276; Hudson v, Archer, 4 S. D., 428.

HANEY, J. This is a suit for damages caused by the alleged breach of a mutual agreement to sell and buy certain merchandise. An objection to the introduction of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action was properly overruled. The execution and breach of a contract having been alleged, plaintiff was, upon the facts admitted by the objection, at least entitled to nominal damages. Hudson v. Archer, 4 S. D. 128, 55 N. W. 1099; Johnson v. Gilmore, 6 S. D. 276, 60 N. W. 1070; Wylly v. Grigsby, 11 S. D. 491, 78 N. W. 957.

Defendant's first contention is that no competent evidence was offered to prove the allegation of the complaint that plaintiff and defendant entered into a written agreement. Defendant is a corporation organized under the laws of Connecticut, doing business in that state. The following notice was served upon defendant's attorney at Deadwood, May 19, 1897: "To the Above Named Defendant: You are hereby notified that the above-named plaintiff requests an inspection and permission to make copies of all letters written by said plaintiff, or her attor-

ney, to said defendant,, from the 29th day of March, 1893, to the first day of November, 1893, and also for the original order for goods given said defendant through its salesman M. J. O'Brien." The trial began at the same place May 21st. When called upon to produce the papers mentioned in the notice, defendant's attorney stated they were not in his possession, and, if in possession of defendant, they were at its home office, in Connecticut. The husband of plaintiff, who acted as her agent throughout the transaction, identified two writings as having been prepared, signed, and delivered to him by defendant's salesman March 29th 1893. They are the same, except as to numbers, description of property and prices. One of them contains the following: "Order No. 166. Date March 29. To Colchester Rubber Co., Colchester, Conn.: Send annexed list of goods, at prices named in margin, to C. E. Zipp, P. O. address, Deadwood; county, Lawrence; state, So Dak. Terms: Immediate deliveries due May 1st. Deliveries after May 1, due December 1, 1893. Tennis, due July 1, 1893. Discount for cash is one per cent per month for unexpired time. Dealers will please retain a duplicate of this order to prevent dispute in settlement, as payment will be insisted on in strict accordance with this contract. We guarantee our own prices to November 1, but not against any other brand. No verbal promises or agreements will be recognized. This order may be changed as to kinds by the purchaser before July 1st, but it is not to be reduced nor countermanded. [Signed] Colchester Rubber Co., per salesman M. J. O'Brien." Then follows a detailed statement of the quantity, description, and prices of the goods ordered. When these writings were offered, defendant objected, because they were not signed by plaintiff, and there was no

evidence that the salesman was authorized to bind defendant by signing them. The objection was properly overruled. If, as subsequently appeared, these orders were accepted by defendant, it was immaterial whether they contained the signature of plaintiff, or whether the salesman was authorized to sign them. The contention that they are copies, and that no foundation was laid for secondary evidence, is untenable; because that objection was not made in the court below, and the evidence shows that they were original duplicates.

Defendant complains because plaintiff's agent was permitted to testify that when the orders were filled out he agreed with the salesman to receive the goods, and pay for them for the plaintiff on December 1, 1893, for the reason the pleadings allege a written contract. The objection is not well taken. The effect of this testimony was merely to show that plaintiff, through her agent, authorized the salesman to transmit the orders; that they were in fact, offers to buy the goods described at the prices and upon the terms stated therein. These orders were, in effect, offers in writing, which if accepted in writing, constituted the written contract alleged in the complaint.

Several letters received by the plaintiff from defendant were received in evidence, and plaintiff's agent was allowed to testify as to the contents of letters written by him to defendant. The witness testified that he made no copies of the letters sent to defendant, and that the originals were not in his possession, or under his control. Defendant's attorney declined to produce the original, stating if in existence, they were at the home office of defendant, and objected to oral evidence of their contents on the ground that the originals were the best evidence, and that a proper demand for their production had not been made. The

objection that it was not shown that the originals had been properly sealed, directed, postpaid, and deposited in the office cannot be considered, as it was not made in the court below, where any defects in the preliminary proof might have been supplied if attention had been called to the matter. It may be true that the notice above quoted cannot be regarded as a notice to produce, but, in view of the issues raised by the pleadings, it was not error to permit secondary evidence of the contents of the letters sent by plaintiff to defendant, because no notice to produce was necessary. "Notice to produce is not necessary in case of a writing directly involved in the cause of action or defense, so that the nature of the action or the contents of the pleadings in effect give notice that it will be required." Abb. Tr. Brief. Pl. 60; Lawson v. Bachman, 81 N. Y. 616. The complaint alleged a written contract, the existence of which necessarily depended upon the orders and letters which had passed between the parties. The receipt of the orders is admitted by the answer, and defendant alleges that it communicated with plaintiff requesting and demanding security, and offering to furnish the goods if security were given. The pleadings disclosed that plaintiff's cause of action, if any existed, was founded upon the letters written by the respective parties, so the nature of the action and the contents of the pleadings in effect gave defendant notice that the letters received from plaintiff by defendant would be required. The jury found, and, we think the evidence discloses, that these orders and letters culminated in the making of a mutual agreement to sell and buy certain merchandise, the terms of which were agreed to by the parties in writing. There was a breach of the contract, and evidence tending to prove a proper measure of damages.

No objections to the court's charge are urged in the appellant's brief, and we think the judgment should be affirmed.