Argued January 16, decided February 4; rehearing denied March 10, 1908.

## JOHNSON v. SHERIDAN LUMBER CO.

[93 Pac. 470.]

CORPORATIONS—PROMOTERS—FIDUCIARY RELATION.

1. One who agrees with others to organize a corporation, in pursuance of which contract he purchases property to be turned over to the corporation, sustains towards the corporation a fiduciary relation which precludes him from deriving any secret advantage.

FRAUD—DEFENSE—ACTION AT LAW.

2. Fraud is available as a defense in an action at law.

PLEADING—ANSWER—CONSTRUCTION.

3. An amended answer not challenged by motion or a demurrer should be construed liberally, and is sufficient, where the facts would uphold a verdict if rendered thereon.

CORPORATIONS—ACTIONS—PLEADING.

4. Under an amended answer, in an action on a note executed by a corporation, averring that plaintiff fraudulently represented that the mill and timber lands had been purchased at a price named, and that the corporation relying on such representation adopted a resolution that in consideration of the transfer of the mill and timber lands to the corporation, the stock subscribed by plaintiff and other promoters should be declared fully paid, it is fairly to be inferred that the corporation relied on the fraudulent representation, and that it had no knowledge of the secret profit alleged to have been made by plaintiff, and the facts are therefore sufficient to uphold a verdict, if rendered thereon.

EVIDENCE—ADMISSIONS—PLEADINGS.

5. An original answer, though withdrawn by the filing of an amended answer, is admissible in evidence as a declaration against interest.

ANSWER—INCONSISTENT DEFENSES—CONSTRUCTION.

6. Where an answer denies the execution of a writing, and in a separate defense alleges that the same was made for a specific purpose, the defenses are so inconsistent that both cannot stand, and as the affirmative allegation is the latest expression of the pleader's intent, it will prevail, and the execution of the writing is thereby admitted.

PLEADING—ADMISSIONS.

7. Admissions in a pleading that have been superseded by filing other formal allegations are extrajudicial, and the pleader is not concluded thereby.

PLEADING—EVIDENCE—CONSTRUCTION.

8. Where a pleading that has been withdrawn or superseded is offered in evidence, admissions contained therein should be construed in connection with qualifying statements, if any, and it is for the jury and not the court to determine from an inspection of the entire pleading, the intent of the party interposing it.

From Polk: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by J. H. Johnson against the Sheridan Lumber Co., a corporation, to recover the

amount of a promissory note given August 12, 1905, for $4,200, payable six months thereafter, with interest at the rate of 7 per cent per annum from that time, containing a stipulation to pay a reasonable sum as attorney's fees in case suit should be instituted thereon. and purporting to have been executed to the plaintiff by the president and secretary of the corporation on its behalf. The amended answer admits the incorporation of the defendant, but denies all the other allegations of the complaint. For a further defense, it is averred that the note sued on is without any consideration. For a second defense it is stated, in effect, that in January, 1905, the plaintiff and Henry Stevenson, E. M. Yeaton, and A. A. Brace entered into an agreement to purchase a sawmill and timber lands, and to organize a corporation to engage in the manufacture of lumber. That the plaintiff and Stevenson were skilled in estimating the value of such property, and for that reason they were selected to make the purchase thereof; that, conspiring to cheat, wrong and defraud Yeaton, Brace, and the corporation thereafter to be formed, the plaintiff and Stevenson entered into a contract with one T. H. March to purchase certain real property, agreeing to pay therefor $16,000. That thereupon the defendant corporation was organized with a capital stock of $50,000, of which sum the plaintiff subscribed $10,000, falsely representing that one-half thereof was for Stevenson, one Emil Schreier subscribed $10,000, Yeaton $5,000, and Brace $10,000; that pursuant to their intent to cheat, wrong and defraud the defendant, the plaintiff and Stevenson falsely stated to it that the price agreed to be paid for the land was $21,000; that, conformable to such fraudulent purpose, the plaintiff procured a deed of the land to be made by March to Stevenson to hold the title for the benefit of the defendant, and thereupon the plaintiff proposed to cause the premises to be conveyed to the corporation upon the payment of the several subscriptions men-

tioned, "and this defendant, through its board of directors, then and there relying upon the said representations, duly passed a resolution to the effect that, in consideration" of the plaintiff, Brace, Yeaton, and Schreier conveying the real property to the defendant, the stock so subscribed should be declared fully paid; that the plaintiff further represented to the defendant that he had paid March $5,000, the remainder of the purchase price above $16,000, and that the corporation owed him that sum, when he had not paid any part thereof; "that the said note was executed for and on behalf of this defendant, but without authority of the board of directors thereof, to the said J. H. Johnson in reliance upon the said false and fraudulent representations, and was pretended to be made on behalf of the said corporation without any other or further consideration than as hereinbefore stated."

The reply denied the allegations of new matter in the answer, and averred, in substance, that the plaintiff, having agreed with the defendant to cut for it certain saw logs whereby he could have made a large profit, surrendered all his right under the contract to the corporation August 12, 1905, and transferred to it eighty-four shares of its capital stock, in consideration of $8,400, evidenced by two promissory notes, each for $4,200, one of which had been paid, and the other instrument is the note described in the complaint. The reply states further facts by way of estoppel, which are not deemed necessary to a decision herein.

The cause was tried and judgment rendered in favor of the plaintiff for the amount of the note and $350 as attorney's fees, which sum was stipulated by the parties as reasonable therefor, and the defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Martin L. Pipes.*

For respondent there was a brief and an oral argument by *Mr. Bert E. Haney*.

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended by defendant's counsel that the court erred in admitting in evidence the original answer filed in this cause, and in holding that an averment in that pleading afforded competent proof of the defendant's execution of the promissory note described in the complaint, and in refusing to instruct the jury as requested. To render the legal principles thus insisted upon intelligible, it becomes necessary to advert to the bill of exceptions, which contains all the evidence given at the trial, and shows that the plaintiff offered in evidence the books of the corporation, which contained the minutes of its proceedings as they consecutively occurred. An inspection of the record discloses that at a meeting of the board of directors held August 12, 1905, a resolution was adopted, authorizing the making of the note sued on in payment of certain stock of the defendant corporation, and also shows the consummation of a logging contract on behalf of the company with the plaintiff. It appears, however, that the meeting was special, at which only three of the five directors of the corporation were present, and the books do not indicate that any notice of such assembly was given to the absent officers. The parties having stipulated that the records of the corporation after August 12, 1905, do not contain any reference to the note in question, the court sustained an objection to the admission of books in evidence, on the ground that they failed to show any authority on the part of the president and secretary of the corporation to make the note. An amended answer in this cause having been filed, the note sued on, and the original answer, which was verified by the secretary of the corporation, were received in evidence over the defendant's objection and exception.

E. M. Yeaton, a stockholder of the corporation, appearing as its witness, after answering a few preliminary questions, was directed as follows: "Now you may state whether or not you and Mr. Brace and Mr. Johnson (the plaintiff herein) and Mr. Stevenson had any conversation or arrangement between yourselves for the purchase of a sawmill and timber land." An objection to such inquiry having been interposed on the ground that the amended answer failed to state 'acts sufficient to constitute a defense, the defendant's counsel thereupon offered to prove by the witness the substance of the agreement thus alleged as new matter, and to show that during all the negotiations Johnson and Stevenson represented that the purchase price of the mill and lands was $21,000; that the directors of the corporation, being ignorant of the facts, relied upon such representations, in pursuance of which they adopted a resolution accepting a deed of the property in full payment of the subscriptions for stock; that Schreier sold his stock to the plaintiff, who, by reason of the declarations that he held his own stock and that which he had so purchased, received a certificate for eighty-four shares of the par value of $8,400, which he thereafter sold to the corporation; that the directors did not know that he had not paid any sum on account of his subscription or for the stock; that two of the directors were absent from the state on August 12, 1905, and two other directors—there being five in all—undertook to authorize the execution of the note in question. The defendant's counsel offered to prove by T. H. March, the person from whom the mill and timber land were secured, that $16,000 was the entire consideration therefor, but that, when a conveyance of the property was made, the plaintiff gave to him a check for $5,000, which the witness indorsed and returned. The court having sustained an objection to the offers so made, refused to permit the testimony to be given, and allowed an exception.

The defendant having rested, the court directed a verdict to be returned for the plaintiff for the amount of the note and attorney's fees as agreed upon, and refused to instruct the jury, as requested, to consider the entire answer offered in evidence, and to determine therefrom whether or not the execution of the note was ever authorized by the defendant, and exceptions from such rulings were saved.

1. A consideration of the errors assigned necessitates an examination of the averments of new matter in the answer. As a preliminary matter, however, attention will be called to the rules of law applicable to the defense evidently intended to be interposed. Any person who agrees with others to organize a private corporation, in pursuance of which contract he purchases property for the company to be turned over to it, when legally created, sustains toward such artificial being, a fiduciary relation which precludes him from deriving any secret advantage from the transaction: 23 Am. & Eng. Enc. Law (2 ed.), 234; 7 Cur. Law, 871.

2. If a promoter of a private corporation deceives its members as to the actual price which he paid for property and transferred to the company, or if, by collusion with the vendor, he retains or secures credit for a part of the alleged purchase price, he must account for the excess in a suit in equity, instituted for that purpose, or the company may maintain an action at law against him for the sum withheld, or for which he secured evidence of indebtedness, as money had and received to its use: Thompson, Corp. § 457. Fraud invalidates all contracts in a suit or action thereon between the original parties, and as a corollary from this legal principle, the deceit of a payee of a promissory note, destroys the efficacy of the negotiable instrument into the consideration of which the imposition enters: 1 Daniel, Neg. Inst. (2 ed.), § 193. In discussing this question Mr. Justice THACHER, in *Brewer* v. *Harris,* 2 Smedes & M. 84 (41 Am. Dec. 587), says:

"It has been repeatedly decided that courts of law have concurrent jurisdiction with courts of equity upon questions of fraud. Fraud saps the foundation of every contract in which it exists, and, where it evinces that a plaintiff is not entitled to recover . anything because of its existence, is properly cognizable by a court of law. It has also frequently been decided that a failure of consideration, as well partial as total, may be introduced legitimately in evidence in an action at law upon a promissory note, because such defense may diminish the multiplicity and circuity of actions, which it is the policy of the law to discourage."

So, too, in *Ferrall* v. *Bradford*, 2 Fla. 508 (50 Am. Dec. 293), Mr. Justice HAWKINS, commenting upon this rule, says:

"It is an admitted principle that a court of law has a concurrent jurisdiction with a court of chancery in cases of fraud. The principles as to fraud may be often more correctly applied in a court of equity than in courts of law. Chancery can compel discovery of facts which a court of law cannot. Fraud may frequently be presumed in equity by the chancellor, while at law it is the province of the jury to find the facts and determine their character, under the instruction of the court."

To the same effect see: *Fleming* v. *Slocum*, 18 Johns. (N. Y.) 403 (9 Am. Dec. 224); *Lamborn* v. *Watson*, 6 Har. & J. (Md.) 252 (14 Am. Dec. 275); *Jamison* v. *Beaubien*, 3 Scam. (Ill.) 113 (36 Am. Dec. 534).

3. Fraud being thus available as a defense in an action at law, the averments of new matter in the amended answer will be investigated. It is not alleged in such pleading that, when dealing with the plaintiff, the defendant had no knowledge that the mill and timber lands which it is stated he asserted cost $21,000 was purchased for $16,000, or that his profit was undisclosed. The amended answer was not challenged by a motion or a demurrer, in the absence of which that pleading should be construed liberally and its sufficiency determined by an affirmative answer to the inquiry: Would the facts

thus defectively stated uphold a verdict if rendered thereon? The verdict in the case at bar is not based on the answer, it is true, but that pleading, when its adequacy is unassailed, is to be governed by the test that, while a general verdict will not supply a material averment, going to the gist of the action or defense, it will aid and may cure a defective informal statement: *Houghton* v. *Beck,* 9 Or. 325; *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884); *Savage* v. *Savage,* 36 Or. 268 (59 Pac. 461).

4. It will be remembered that the amended answer avers, in effect, that the plaintiff fraudulently represented that the mill and timber lands had been purchased for $21,000, and that the defendant's agents, relying upon such statement, adopted a resolution that, in consideration of the transfer of the property to the corporation, the stock subscribed by the promoters should be declared fully paid. In *State* v. *Miller,* 47 Or. 562, 570 (85 Pac. 81: 6 L. R. A. [N. S.] 365), it is said:

"Reliance by a person upon the representations of another implies a belief in the accuracy of the declarations that inspired the confidence reposed. In the absence of faith in the truth of the statements thus made, a dependence thereon is an impossibility."

It is therefore fairly to be inferred from the averment that the defendant relied upon the plaintiff's fraudulent representations that it had no knowledge of the secret profit which it is claimed he made by the transaction, and, this being so, the facts thus defectively stated would, in our opinion, uphold a verdict, if one had been rendered thereon.

5. The offer of the defendant's counsel to prove by the witnesses produced at the trial that his client had no knowledge of the plaintiff's alleged fraud, or of the secret profit which it is asserted he made in dealing with the property, should have been accepted, in rejecting which an error was committed. An amended answer having

been filed by leave of the court, the original answer was thereby withdrawn; but, notwithstanding such pleading was thus eliminated, it was nevertheless admissible in evidence as a declaration against interest: *Sayre* v. *Mohney,* 35 Or. 141 (56 Pac. 526).

6. If the rejected answer, when received in evidence, is to be treated as a pleading, the court properly construed the averments, for it has been held that when an answer denies the execution of a writing, and in a separate defense alleges that the instrument was made for a specific purpose, the defenses are so inconsistent that both cannot stand, and as the affirmative allegation is the latest expression of the pleader's intention, it will prevail, and the execution of the instrument is thereby admitted: *Veasey* v. *Humphreys,* 27 Or. 515 (41 Pac. 8); *Maxwell* v. *Bolles,* 28 Or. 1 (41 Pac. 661); *Baines* v. *Coos Bay Nav. Co.* 41 Or. 135 (68 Pac. 397).

7. Admissions in a pleading that have been superseded by filing other formal allegations of a cause of action or defense, are treated as extrajudicial, by which the pleader is not concluded: 16 Cyc. 1049. Judge ELLIOTT in his work on Evidence (Section 236) sanctions the admission in evidence of an adversary's pleading that has been superseded; but in discussing the effect of avowals against interest contained therein, very pertinently observes:

"Suppose, however, that there are several distinct issues raised by different counts or paragraphs of a pleading. In such a case, can the statements in one of them be used as admissions upon the other issues? Upon this question there seem to be few authorities, and in the few cases in which the question has arisen the courts have not been of one mind. There is much reason in support of the view that, where the law authorizes a party to plead in this way, as, for instance, where it authorizes him to set up independent and even inconsistent defenses in different paragraphs of answer, the statements in a particular paragraph are made for the purpose of presenting the issue to which they relate, and no other, and

to permit them to be used against the pleader on another issue would deprive him of his denials, or at least make it dangerous for him to do what the law authorizes him to do.   He may, for instance, plead by way of denial in one paragraph, and by way of confession and avoidance in another, and it would seem unjust to permit his unavoidable and, in a sense, conditional, admissions in the latter paragraph to be taken as admissions upon the issue raised by the denial.   This seems to be the view taken by most of the courts by which the question has been expressly decided."

8. We believe reason supports the rule that, when a pleading that has been withdrawn or superseded is offered in evidence, the admissions contained therein should be construed in connection with the qualifying statements, if any, and that it is for the jury, and not for the court, to determine from an inspection of the entire pleading the intent of the party who interposed it. As supporting this view, see Jones, Ev. § 296; *Granite Gold Mining Co.* v. *Maginness,* 118 Cal. 131 (50 Pac. 269) ; *Mott* v. *Consumers' Ice Co.* 73 N. Y. 543; *Gildersleeve* v. *Landon,* 73 N. Y. 609.

An observance of the rules thus announced would have required the court, under proper instructions, to submit to the jury the amended answer, and also to have given the charge requested, in failing to do which errors were committed necessitating a reversal of the judgment and the granting of a new trial, which are ordered.

REVERSED.