Argued Oct. 8, decided Oct. 15, rehearing denied Dec. 10, 1912.

## PETERS *v.* QUEEN CITY INS. CO.

### (126 Pac. 1005.)

**Pleading—Inconsistent Denials.**

1. Denial of execution and delivery of a policy is inconsistent with a separate defense which admits its execution or which is based upon its existence and binding force, though the latter allegations are qualified by the clause "if the plaintiff is in possession of the said policy," and execution of the policy will be deemed admitted.

**Pleading—Inconsistent Defenses.**

2. The test of inconsistency in defenses is whether proof of one necessarily disproves the other.

**Pleading—Denials on Information and Belief.**

3. Denial on information and belief of a fact presumably within defendant's knowledge will be disregarded as sham, and the allegation of the complaint to which it is directed will be deemed admitted.

**Pleading—Liberal Construction.**

4. The rule requiring liberal construction of pleadings applies to informal or defective statements of a good cause of action or defense, but not to inconsistent pleading of separate defenses.

**Pleading—Denials on Information and Belief—Sufficiency.**

5. A denial on information and belief of a party's own acts, or the acts of his agent, raises no issue.

**Evidence—Parol. Evidence Affecting Policy—Admissibility.**

6. In an action on a fire policy which expressly permitted "other concurrent insurance," testimony tending to show that the policy was issued on condition that another policy should be canceled was properly excluded as tending to contradict the terms of the policy.

**Insurance—Execution of Policy—Evidence—Admissibility.**

7. In an action on a fire policy, testimony was inadmissible for insurer to show that a certain person had not approved the policy, where the policy contained no clause or condition requiring such signature.

**Pleading—Plea in Abatement—Waiver.**

8. In an action on a fire policy, a plea that, if any right of action ever accrued to plaintiff, plaintiff was not then the owner or holder thereof, was in the nature of a plea in abatement, and was waived by pleading the same together with a plea in bar; the trial having occurred before the amendment of Section 74, L. O. L. (Laws 1911, p. 144), which amendment permits a defendant to set forth by answer as many defenses as he may have, including pleas in abatement.

**Appeal and Error—Harmless Error—Admission of Secondary Evidence.**

9. Though Section 782, L. O. L., requires reasonable notice to produce an original instrument before secondary evidence is admissible, failure to give a fire insurance company in a suit on a policy sufficient notice to produce an original proof of loss from its home office in another State did not make the admission of secondary evidence prejudicial error, since it was a reasonable expectation that the company would have the documents relating to the issues at the place of trial, so that they might be produced upon two or three days' notice.

**Evidence—Secondary Evidence—Failure to Produce Originals.**

10. In an action on a fire policy, it was not error to receive secondary evidence of the contents of two policies of concurrent insurance issued by other companies without production of the originals, where it appeared that one of the originals was in London, England, and the other in Philadelphia; the evidence being upon a collateral question in which both parties were interested.

**Evidence—Reception of Secondary Evidence—Judicial Discretion.**

11. In an action on a fire policy, the admission of secondary evidence of the contents of the proof of loss and of two policies of concurrent insurance issued by other companies, on the showing made why the originals were not produced, was peculiarly for the trial judge's determination.

**Appeal and Error—Harmless Error—Admission of Evidence.**

12. Any error in admitting testimony is not ground for reversal, if it does not appear that its admission was injurious to any substantial right of appellant.

From Multnomah:  WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by the Peters & Roberts Furniture Company, a corporation, against the Queen City Fire Insurance Company, of Sioux Falls, South Dakota, a corporation, to recover on a fire insurance policy. The cause was tried before a jury, resulting in a verdict and judgment in favor of plaintiff for $2,406.61, from which defendant appeals.

The complaint is in the usual form. It alleges that a fire insurance policy was issued by defendant on the 25th day of August, 1908, for a valuable consideration, insuring plaintiff's property in the sum of $2,500, for a period of one year from the above date; that on the 1st day of September, 1908, a fire occurred by which plaintiff's property was damaged in the full sum of $15,209.68. The defendant's answer to the plaintiff's complaint contained a general denial, and the following qualified separate affirmative defenses:   (1) That if the plaintiff obtained a policy from the defendant, it was obtained conditionally; that is, it was not to go into effect until the policy issued by the Spring Garden Fire Insurance Company of Philadelphia, Pa., should be canceled and delivered over to such company; and, further, that the policy described in plaintiff's complaint should not take effect until the same had been submitted to and approved by one Thomas, who was acting as agent for the mortgagee, none of which was done. (2) That if the plaintiff ever obtained possession or control of the policy described in the complaint, and if any right of action ever accrued to the plaintiff thereunder, the plaintiff is not now the owner or holder thereof. (3) That, if a loss occurred, plaintiff should furnish defendant with a written proof of loss embracing certain data required by the policy, which plaintiff failed to do. The answer contained several other separate defenses setting out and claiming the benefit of various clauses of the policy, and asserting that plaintiff had not complied therewith.

At the trial of the cause, after plaintiff had introduced evidence tending to support the allegations of its complaint, defendant sought to prove, as alleged in its further and separate defenses, that the policy in question was issued upon the condition that a certain other policy issued by the Spring Garden Fire Insurance Company on the same property for $2,500 should be canceled, and upon the further condition that the latter policy should first be approved by one W. E. Thomas. This was objected to by plaintiff on the ground that the separate defenses were inconsistent with the general denial, and for the reason that the policy spoke for itself, and that defendant could not contradict its written terms by parol evidence. The court, in considering the answer, held that the general denial of the issuance and existence of the policy was inconsistent with the separate defenses in which the claim was made that defendant was entitled to certain rights and privileges by virtue of the policy; that the separate defenses amounted to an admission that the policy was issued and existed, and was a binding contract between the parties. The court sustained the objection, but did not exclude evidence tending to show a noncompliance with the conditions of the policy on the part of plaintiff.                     AFFIRMED.

For appellant there was a brief over the names of *Mr. U. S. G. Cherry, Messrs. Wilbur, Spencer & Dibble, Mr. Wilfred E. Farrell* and *Mr. Grant B. Dimmick,* with an oral argument by *Mr. Schuyler C. Spencer.*

For respondent there was a brief over the names of *Messrs. Malarkey, Seabrook & Stott,* with an oral argument by *Mr. Dan J. Malarkey.*

MR. JUSTICE BEAN delivered the opinion of the court.

MR. JUSTICE BURNETT dissents.

1. The denial of the execution and delivery of an instrument is inconsistent with a separate defense which

Sig. 13

admits the execution of the instrument, or which is founded upon the instrument being in existence and binding.

2. The test of an inconsistent defense is whether or not the proof of one necessarily disproves the other. Defenses are inconsistent when one of them admits a fact, and the other denies the same fact. The admission will prevail and the fact be deemed admitted. *Veasey* v. *Humphreys,* 27 Or. 515 (41 Pac. 8) ; *Maxwell* v. *Bolles,* 28 Or. 1 (41 Pac. 661) ; *Dutro* v. *Ladd,* 50 Or. 120, 122 (91 Pac. 459) ; *Johnson* v. *Sheridan Lbr. Co.,* 51 Or. 35, 43 (93 Pac. 470) ; *Brown* v. *Feldwert,* 46 Or. 363 (80 Pac. 414). Where a complaint alleges the execution by a defendant of a certain instrument, defendant's answer thereto cannot be qualified. He must either positively admit or deny the same without qualification, for the reason that the truth of the matter is presumably within his knowledge. 1 Enc. Pleading and Practice, pp. 811-815; *Knight* v. *Hamakar,* 40 Or. 424 (67 Pac. 107).

3. Where a defendant denies on information and belief, a fact presumably within his knowledge, such denial will be disregarded as sham, and the allegation of the complaint be deemed admitted. *Heatherly* v. *Hadley,* 2 Or. 269; *Brown* v. *Scott,* 25 Cal. 189; *Raleigh R. R. Co.* v. *Pullman Co.,* 122 Ga. 700 (50 S. E. 1008).

4. It is claimed on behalf of defendant that because the sufficiency of the answer was not challenged by a motion to strike, or by a demurrer, but was drawn in question upon the admission of the evidence, a liberal construction of the allegations of fact should be adopted and all intendments in favor of the pleadings should be invoked. This rule is applicable where there is an informal or defective statement of a good cause of action or defense. But the question in this case is not as to the formality of the answer, but as to its construction in order to ascertain what is admitted and what is denied.

The defense that the policy of insurance in question was not issued and never became a binding contract, and another defense, that it is a binding contract and contains provisions by virtue of which defendant's liability is reduced in amount, or by virtue of which plaintiff agreed to do something which he has not done, are inconsistent. Both cannot be true. The proof of one necessarily disproves the other. It is manifest upon the face of the answer in this case that defendant did not have both of these defenses, and therefore the statute which only authorizes the pleading of all defenses which the defendant has does not authorize these two defenses.

5. Counsel for defendant contend that the inconsistency of the defenses is removed by pleading the affirmative defenses with a qualification; that the defendant does not admit directly in the affirmative defenses that the policy was issued and is a binding contract, but only does so "if the plaintiff is in possession of the said policy." The effect of the qualification is the same as though the defendant had denied the execution of the policy on information and belief. It is well settled that a denial on information and belief of a party's own acts or the acts of a party's agent raises no issue, because a party is not allowed under the Code to deny on information and belief as to his own acts. A party to a contract is presumed to know whether the contract was entered into or not. He cannot say that he does not know whether it was made or not. He must either say that he did make it, or that he did not. *Heatherly* v. *Hadley*, 2 Or. 269, 273; *Knight* v. *Hamakar*, 40 Or. 424, 432 (67 Pac. 107). The court did not err in refusing to permit the defendant to occupy the position in which it could say that it did not make the contract, but that, if plaintiff should prove that it did, then there were provisions in the contract binding on plaintiff which were not complied with. We think that the trial court properly held the separate

defenses to be an admission that the policy had been issued to plaintiff.

The case at bar is not like that of *Veasey* v. *Humphreys,* 27 Or. 515 (41 Pac. 8), where the defendant was not a party to the chattel mortgage in question, and had no presumptive knowledge about it. He was the sheriff, and as such had seized certain cattle under a writ of attachment and an execution as belonging to one Douney, the attachment and judgment debtor. Plaintiff brought replevin to recover the cattle, and alleged the execution to him of a chattel mortgage on the cattle by Douney and Nicholson, as partners. The defendant sheriff answered, denying the execution of the chattel mortgage, and in a further separate defense alleged that Nicholson attempted to execute said chattel mortgage pursuant to a conspiracy to defraud, and without consideration, etc. "It has been held by this court," says Mr. Chief Justice BEAN in *Baines* v. *Coos Bay Nav. Co.,* 41 Or. 135, at page 138 (68 Pac. 397, at page 398), "that when a defendant denies the execution and delivery of a promissory note, and in a separate defense alleges that it was made with a fraudulent intent, its execution is admitted because the two statements are inconsistent, and as between the denial of a fact alleged in the complaint and a direct admission of the same fact in the answer the admission, and not the denial, will be taken as true." Later, in *Johnson* v. *Sheridan Lbr. Co.,* 51 Or. 35, at page 43 (93 Pac. 470, at page 473), Mr. Justice MOORE, speaking for the court says:

"* * It has been held that when an answer denies the execution of a writing, and in a separate defense alleges that the instrument was made for a specific purpose, the defenses are so inconsistent that both cannot stand, and, as the affirmative allegation is the latest expression of the pleader's intention, it will prevail, and the execution of the instrument is thereby admitted."

6, 7. The bill of exceptions also discloses that counsel for plaintiff objected to the introduction of evidence tending to show that the policy of insurance was issued on the condition that the Spring Garden policy should be canceled, and on the further condition that the policy spoke for itself, and could not be contradicted by parol testimony. The policy was introduced in evidence by plaintiff, and contains the clause, "other concurrent insurance permitted." The policy does not purport to limit the amount of such concurrent insurance, and we think the testimony in regard to the cancellation of the Spring Garden policy was in direct contradiction to the terms of the policy in suit. Neither does the policy contain any clause or condition that it should be approved by one W. E. Thomas, or any third person. We think that the testimony offered, tending to show that Mr. Thomas had not approved the policy, was incompetent, under the familiar rule that, where parties have plainly reduced their contract to writing, all the terms and conditions thereof will be presumed to, be included in the memorandum.

8. The defendant offered evidence purporting that the claim sued upon had been assigned by the plaintiff. This was in support of the allegation that, if any right of action ever accrued to the plaintiff under the policy, plaintiff is not now the owner or holder thereof. This plea is in the nature of a plea in abatement. *Derkeny* v. *Belfils,* 4 Or. 258; *Bump* v. *Cooper,* 20 Or. 527 (26 Pac. 848) ; *Lassas* v. *McCarty,* 47 Or. 474, 477 (84 Pac. 76). It was the rule in this State at the time of the trial of this cause, and prior to the amendment to Section 74, L. O. L., in 1911 (Laws 1911, p. 144), that a plea in abatement is waived by pleading the same together with a plea in bar. *Hopwood* v. *Patterson,* 2 Or. 49; *Fiore* v. *Ladd,* 29 Or. 528 (46 Pac. 144) ; *Morgan's Estate,* 46 Or. 233, 242 (77 Pac. 608: 78 Pac. 1029) ; *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305).

9. The defendant also assigns as error the ruling of the court in receiving secondary evidence of the contents of the proof of loss without producing the original. It is shown by the evidence that the originals of these documents were in the possession of defendant at the company's home office in South Dakota. Defendant claims that the notice to produce the same did not allow sufficient time to do so. Under Section 782, L. O. L., a party is permitted to introduce secondary evidence of a writing which is in the custody of the adverse party, if he fails to produce the same after reasonable notice to do so. It has been held that where it is apparent from the face of the pleadings that a writing in the custody of one party will be required at the trial of the cause, by the other party, the pleadings themselves are sufficient notice to that party to produce the document at the trial, and, if he fails to do so, secondary evidence as to its contents is admissible. Wigmore, Evidence, § 1205; *Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474 (10 N. E. 242: 59 Am. Rep. 810); *Zipp* v. *Colchester Rubber Co.,* 12 S. D. 218 (80 N. W. 367). It was but a reasonable expectation that, when the action was brought against the defendant upon the policy, the officers of the company would have the documents relating to the issues, at the place of trial, so that the same might be produced upon two or three days' notice. The trial court held that defendant had reasonable notice. We cannot say that there was prejudicial error in this ruling.

10. The defendant also assigns as error the receiving of secondary evidence of the contents of two policies of concurrent insurance, without producing the originals. It is shown by the testimony of the local agents of the insurance companies, whose policies were sought to be produced, that the originals were in London, England, and in Philadelphia, Pa. Both plaintiff and defendant in this case allege that there was other concurrent insur-

ance upon the property covered by the policy in question. In ascertaining the amount, both parties were interested. Under such circumstances, a showing that the writing is outside of the State should be a sufficient excuse for the nonproduction of the original documents to permit secondary evidence. Mr. Justice BEAN in *Wiseman* v. *N. P. R. R. Co.,* 20 Or. 425, at page 429 (26 Pac. 272, at page 274: 23 Am. St. Rep. 135), says:

"The degree of diligence which shall be considered necessary, in any case, will depend upon the character and importance of the document, the purposes for which it is expected to be used, and the place where a paper of that kind may naturally be supposed to be found. If the document be a valuable and important one, which the owner would be likely to preserve, a more diligent search will be required than if the document is of little or no value. The purposes for which it is proposed to use it on the trial will also have an important bearing in determining the degree of diligence required. If the cause of action or defense is founded on the supposed writing, the party offering the evidence will be required to show a greater degree of diligence in the attempt to produce the original than if it is desired to be used as evidence in some collateral matter."

11. The evidence of the contents of these policies was offered upon a collateral question in which both parties were interested. Therefore, under such circumstances, secondary evidence of their contents was admissible upon the showing of diligence made. These last two questions were peculiarly for the trial judge to finally determine. Wigmore, Evidence, § 1253.

12. It does not appear that the admission of this testimony was injurious to any substantial right of defendant, and therefore does not amount to reversible error in any event. *Koshland* v. *Hartford Ins. Co.,* 31 Or. 402 (49 Pac. 866); *Krewson* v. *Purdom,* 15 Or. 589

(16 Pac. 480) ; *Hudson* v. *Goodale,* 22 Or. 68, 73 (29 Pac. 70). The motion for a nonsuit and the motion for a directed verdict in favor of defendant involve practically the same questions as above referred to. It is, however, noted that, in addition to the admission in the affirmative defenses as to the issuance of the policy in question, the evidence tends to show that J. E. Cronin & Co. were the local agents of the defendant and authorized to issue the policy, and that they did so; that after the loss occurred defendant accepted the premium on the policy, thus treating the same as in force. The policy itself is contained in the record, and shows the stipulations and conditions. The evidence further tends to show that loss occurred by fire, and that the amount of such loss was adjusted and stipulated between plaintiff and the agents of defendant.

Without recapitulating the evidence, we think it tends to support the allegations of the complaint, and that the cause was properly submitted to the jury. Under the provisions of Article VII, Section 3, of the State constitution, the verdict should not be disturbed.

Finding no prejudicial error in the record, the judgment of the lower court is affirmed.            AFFIRMED.

MR. JUSTICE BURNETT dissents.