DOWNS, RESPONDENT, *v.* NIHILL, APPELLANT.

(No. 6,571.)

(Submitted February 14, 1930.  Decided March 20, 1930.)

[286 Pac. 410.]

*Messrs. Ayers & Ayers,* for Appellant, submitted a brief; *Mr. Robert C. Ayers* argued the cause orally.

*Messrs. Belden & DeKalb,* for Respondent, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

In the month of October, 1923, this action was instituted by the plaintiff to recover the sum of $1100 alleged to be due on contract entered into in June, 1922, by the defendant with the plaintiff for the purchase of a tractor engine. Subsequently, on November 14, 1923, the defendant appeared in the action and filed a general demurrer to the complaint which was by the court overruled and the defendant allowed twenty days within which to answer. On December 3, 1923, the court

allowed the defendant twenty days' additional time within which to file his answer. Thereafter, the defendant filed an answer constituting a general denial, and the cause was regularly set for trial on November 6, 1925, which setting was canceled, and the case again set for trial November 26, 1926. Counsel for the defendant asked a cancellation of the last-mentioned setting of the case, and for leave to file an amended answer, indicating new issues requiring a continuance. Both requests were granted, and on February 14, 1928, the defendant filed an amended answer, setting up by way of defense certain matters and things in the nature of a confession and avoidance. On motion to strike, the whole of the amended answer was stricken from the files, and, thereafter, on the twentieth day of August, 1928, the defendant filed a second amended answer alleging substantially the same defensive matters as were contained in the first amended answer. Upon the plaintiff's motion, the second amended answer was stricken from the files, and on October 8, 1928, the defendant filed his third amended answer, which was, on December 31, 1928, upon the plaintiff's motion, likewise stricken from the files. It is recited in the judgment that the defendant having failed to file an amended answer within the time allowed by law *and the order of the court made on the 31st day of December, 1928,* and the defendant having in open court on January 26, 1929, refused to further plead, his default was ordered to be entered. On January 30, 1929, judgment was accordingly entered against the defendant for the full amount claimed by the plaintiff, from which the defendant has appealed.

We have only the judgment-roll before us, and consequently are not advised of the reason of such unconscionable delays in the district court. However, we are unable to see any justification for such procrastination. District courts must be more prompt in the dispatch of business. Such unexplained delays cast a great reflection upon the industry of our judges, and justify complaint by litigants and the people of the law's delays.

148

The only question presented for our determination on this appeal is whether the court was in error in striking defendant's third amended answer from the files.

In the absence of a bill of exceptions, it is not possible to ascertain why the defendant's third amended answer was stricken from the files; however, we enter upon a consideration of the appeal entertaining the presumption that the trial court was correct in its determination, the burden being cast upon the appellant to affirmatively show reversible error by his record filed on appeal.

A motion to strike is in effect a general demurrer to the pleading, and, therefore, the allegations stricken will be considered as admitted on review to determine whether the district court was in error. (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291; *Como Orchard Land Co.* v. *Markham,* 54 Mont. 438, 171 Pac. 274; *State ex rel. Juckem* v. *District Court,* 57 Mont. 315, 188 Pac. 137.)

In his third amended answer, the defendant "denies generally and specifically each and every allegation, matter and thing in plaintiff's said complaint contained," and denies that he is indebted to the plaintiff in the sum of $1,100, or any other sum or at all; and then for further and separate answer "and by way of cross-complaint and counter-claim," pleads an agreement made and entered into in the month of June, 1922, whereby he made purchase from the plaintiff of an Illinois gas tractor on terms stated, in reliance upon the plaintiff's personal knowledge of defendant's land, and representations as to how the tractor would perform thereon, which tractor was later delivered to the defendant, but that, by reason of the fact that it was not as represented, the contract was mutually rescinded; thereupon the plaintiff and defendant in the latter part of June, 1922, entered into a new agreement whereby the plaintiff agreed to sell and deliver to the defendant at his ranch an Altman-Taylor gas tractor, "of the size known and designated as 30–60, * * * which * * * tractor plaintiff represented * * * and warranted

to defendant, was in good repair and condition, and capable of pulling eighteen plows in old ground,'' in consideration whereof the defendant agreed to pay the sum of $500, and to deliver to plaintiff at his ranch, about sixteen miles distant, a Reeves steam engine; that pursuant to such last-mentioned agreement, and relying upon the plaintiff's representations, the defendant delivered the Reeves steam engine at the plaintiff's ranch; that about six weeks later the plaintiff attempted to deliver the Altman-Taylor tractor to the defendant, but left the same by the roadside several miles from the defendant's ranch; that as the defendant was then in serious need of tractor power to properly plow and till his lands for fall seeding, he undertook to, and did, remove said Altman-Taylor tractor to his ranch, and, believing there was only some minor trouble, dismantled it for repairs, and proceeded to repair it, and in so doing expended $777, and after making such expenditures discovered that the statements and representations made by the plaintiff were false representations amounting to fraud; that such false statements induced him to make the purchase of the Altman-Taylor tractor, and that the statements made to him by the plaintiff were the inducing cause of the defendant entering into the agreement, and the inducing cause of defendant pulling the tractor to his said ranch and dismantling it and expending so much money upon it, resulting in his damage; that by reason of the plaintiff's failure to deliver the Altman-Taylor engine as agreed, and by reason of the defendant's inability to secure another engine, and because of the plaintiff's false and fraudulent representations, the defendant has been damaged in the sum of $1,000.

Judgment is prayed for by the defendant for the sum of $1,000 and $200 additional, the latter sum being the difference in value between the Reeves steam engine delivered to the plaintiff by the defendant and the Illinois gas-tractor engine originally contracted for by the defendant.

Notwithstanding the defendant's designation, neither a cross-complaint nor a counterclaim is pleaded, and we must

look alone to the affirmative allegations of the answer to determine their sufficiency to constitute a defense in avoidance. The answer is verified as by law required.

It is the defendant's contention that since his third amended answer, so stricken from the files, contained a general denial of the allegations of the complaint an issue of fact was thereby presented, so that the court could not properly strike out the entire answer and erred in so doing. As an elementary principle governing pleadings, where an issue is joined by denial an answer cannot be stricken; but here the affirmative defense pleaded is wholly at variance with the general denial. It is manifest that both cannot stand. It is obvious that the third amended answer was by the court permitted to be filed in the exercise of its discretion pursuant to the provisions of section 9187 of the Revised Codes of 1921; further, that the defendant was by the court allowed time to further plead when the order was made striking out his third amended answer. Therefore, the third amended answer having been regularly filed, the question presented for decision is whether it states any defense. If it does, it is clear that the court erred in striking it from the files. Since the affirmative defense averred entirely nullifies the general denial, we must look to the affirmative defense alone for the purpose of ascertaining whether it states a good defense by way of avoidance of the contract made the basis of the action.

Under our Code, a defendant may set forth in his answer as many defenses or counterclaims, or both, as he may have. (Sec. 9146, Rev. Codes 1921.) Great liberality is allowed in pleading; and an answer which states a defense on any possible theory should not be stricken from the files. However, the rule is that inconsistent defenses may be pleaded only when they are not so incompatible as to render the one or the other absolutely false. (*Johnson* v. *Butte & Superior Copper Co.*, 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *O'Donnell* v. *City of Butte*, 44 Mont. 97, 119 Pac. 281; *Advance-Rumely Thresher Co.* v. *Terpening*, 58 Mont. 507, 193 Pac. 752; *International Harvester Co.* v. *Merry*, 60 Mont. 498,

199 Pac. 704.) Thus, the rule that the different defenses may be pleaded under the statute does not dispense with the common-sense requirement that the defenses pleaded must be consistent with each other. Where then, as in this instance, the contract is denied, and later on admitted, the admission is controlling, and the general denial should be disregarded. (Bancroft's Code Pleading, sec. 250; *Veasey* v. *Humphreys,* 27 Or. 515, 41 Pac. 8; *Maxwell* v. *Bolles,* 28 Or. 1, 41 Pac. 661; *Johnson* v. *Sheridan Lumber Co.,* 51 Or. 35, 93 Pac. 470; *Peters* v. *Queen City Ins. Co.,* 63 Or. 382, 126 Pac. 1005.) The test of inconsistent defenses is whether or not the proof of one necessarily disproves the other. Defenses are inconsistent when one of them admits a fact, and the other denies the same fact. In such a case, the admission must prevail over the denial. (*Peters* v. *Queen City Ins. Co.,* supra.) And the general rule both at common law as well as under the Code is that, where an answer seeks to avoid the complaint by allegations of new matter, it thereby confesses that, but for the avoidance pleaded, the action could be maintained. (Bancroft's Code Pleading, sec. 395.)

Applying these fundamental rules to the amended answer before us, although it is far from a model in pleading, it states a defense in avoidance of the contract which may not be disregarded. In effect, it admits that the defendant entered into the contract made the basis of the action; and thereupon seeks to avoid it upon grounds of fraud and misrepresentation as to facts relied upon by the defendant, as to which he was entitled to place reliance. (*Advance-Rumely Thresher Co.* v. *Wenholz,* 80 Mont. 82, 258 Pac. 1085.) The statute provides that a party to a contract may rescind where the consent of the party rescinding was obtained through fraud, or where, through the fault of the party as to whom rescission is made, the consideration fails in whole or in part. (Sec. 7565, Rev. Codes 1921.)

In material substance, the third amended answer admits the contract sued upon, and then in attempted avoidance alleges, in effect, that the defendant, in reliance on plaintiff's repre-

sentations and warranties that the Altman-Taylor gas tractor "was in good repair and condition, and capable of pulling eighteen plows in old ground," agreed to deliver to the plaintiff at the plaintiff's ranch, the Reeves steam engine, and in addition to pay the plaintiff the sum of $500; that the defendant delivered the steam engine as agreed, but by reason of the plaintiff having failed to deliver an Altman-Taylor of the kind and character represented, the defendant has suffered damage. Thus, in our opinion, the answer states a defense in avoidance upon the ground of fraud, however faulty it may be in other respects.

Taking the allegations of the answer as true, as we must, the consideration for the contract in suit is shown to have failed by reason of the plaintiff's fraudulent representations. The fraud arises from the fact that the plaintiff's representations as to facts were specially within his knowledge, or were of such character that he should know whereof he spoke, the effect of which was to deceive the defendant. (*Post* v. *Liberty*, 45 Mont. 1, 121 Pac. 475; *Advance-Rumely Thresher Co.* v. *Wenholz*, supra.)

For the reasons stated, the order striking the defendant's third amended answer from the files is set aside, and the plaintiff will be allowed a reasonable time within which to reply to the answer or further plead. The judgment is reversed and the cause remanded to the district court of Fergus county for further proceedings in accordance with the views herein expressed. The court should not permit further unreasonable delays, and the case should now be heard and finally disposed of expeditiously.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.

Rehearing denied April 2, 1930.